# EXHIBIT 5

**Tjoarman, Freda**

| | |
|---|---|
| **From:** | Daugherty, Melissa |
| **Sent:** | Monday, October 14, 2019 10:06 PM |
| **To:** | Tjoarman, Freda |
| **Cc:** | Kanno, Rita |
| **Subject:** | FW: [EXT] Tara Bartoli, et al. v. Rancho California RV Resort Owners Assoc., et al. |
| **Attachments:** | Bartoli.Rancho.RV.Rsort.Letter2MelissaandRita.ReRequest4Supp.Responses.191014.pdf |



**Melissa T. Daugherty**
**Partner and Vice Chair Employment & Labor Practice, Chair of ADA Compliance & Defense Practice**
**Melissa.Daugherty@LewisBrisbois.com**

**T: 213.580.3908  F: 213.250.7900**

633 W. 5th Street, Suite 4000, Los Angeles, CA 90071  |  **LewisBrisbois.com**

**Representing clients from coast to coast. View our nationwide locations.**

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

**From:** mgonzalez@drllaw.com [mailto:mgonzalez@drllaw.com]
**Sent:** Monday, October 14, 2019 5:01 PM
**To:** Daugherty, Melissa; Kanno, Rita
**Cc:** emarkus@drllaw.com
**Subject:** [EXT] Tara Bartoli, et al. v. Rancho California RV Resort Owners Assoc., et al.



Dear Counsel:

Attached please find correspondence of today's date. A copy was also sent via mail.

Please contact our office at your earliest convenience to coordinate scheduling of Local Rule 37-1 Pre-filing Conference of Counsel.

Should you have any questions or concerns, please contact Mr. Markus directly.

Best Regards,

1

Miriam Gonzalez
Legal Assistant
Dapeer Rosenblit Litvak, LLP
11500 W. Olympic Blvd. Suite 550
Los Angeles, California 90064
Tel (310) 477-5575
Fax (310) 477-7090
Email:  mgonzalez@drllaw.com

NOTICE: This message is intended only for the addressee and may contain information that is privileged, confidential and/or attorney work product. If you are not the intended recipient, do not read, copy, retain or disseminate this message or any attachment. If you have received this message in error, please call the sender immediately at 310-477-5575 and delete all copies of the message and any attachment. Neither the transmission of this message or any attachment, nor any error in transmission or misdelivery shall constitute waiver of any applicable legal privilege.



# DAPEER ROSENBLIT LITVAK LLP

### L A W Y E R S

WILLIAM LITVAK*
STEVEN H. ROSENBLIT
KENNETH B. DAPEER
JAMES C. ECKART
PATRICIA H. FITZGERALD
CAROLINE K. CASTILLO
ERIC P. MARKUS
NICHOLAS GARCES
JOAN STEVENS SMYTH

*MANAGING PARTNER

11500 W. OLYMPIC BLVD., SUITE 550
LOS ANGELES, CA 90064-1524
TELEPHONE (310) 477-5575
FACSIMILE (310) 477-7090

WRITER'S EMAIL
EMARKUS@DRLLAW.COM

October 14, 2019

*Via First Class Mail
& Email: Melissa.Daugherty@lewisbrisbois.com,
Rita.Kanno@lewisbrisbois.com*

Melissa Daugherty, Esq.
Rita Kanno, Esq.
LEWIS BRISBOIS BISGAARD AND SMITH LLP
633 West 5th St., Suite 4000
Los Angeles, CA 90071

**Re:**   **Request for Supplemental Responses and/or L.R. 37-1 Pre-Filing Conference of Counsel**
*Tara Bartoli, et al. v. Rancho California RV Resort Owners Assoc., et al.*
(Case No. 5:18-cv-02643-MWF-KK)

Dear Counsel:

We are in receipt of the written responses of Candice Elaine Williams and Kimberly Lynn Baca to Plaintiffs' Requests for Production of Documents, Set One. We have reviewed the responses and have determined that they are deficient. They also fail to comply with Rule 34, subsection (b)(2)(B), insofar as written responses must be accompanied by *actual production* at the time and place specified in the request. Your clients' written responses provide that documents will be produced in response to Request Nos. 14, 15, and 24, but no documents were timely produced despite the fact that we granted your clients an extension of their response deadline. By way of this letter, we seek to meet and confer regarding these issues.

Given that your objections are so far-fetched, facially improper, and in most instances, completely inapplicable to the document request in response to which they are lodged such that they can only be deemed disingenuous and an intentional, bad faith effort to delay and increase the cost of this litigation, it is necessary to initially reiterate the basic principles of discovery and the scope thereof:

Melissa Daugherty
Rita Kanno
LEWIS BRISBOIS BISGAARD AND SMITH LLP
October 14, 2019
Page 2 of 68

The scope of discoverable information is delineated in Rule 26. Subsection (b)(1) provides in relevant part:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if information sought appears reasonably calculated to lead to the discovery of admissible evidence.

In order to fulfill discovery's purpose of providing both parties with "information essential to the proper litigation of all relevant facts, to eliminate surprise, and to promote settlement," the discovery rules mandate a liberality in the scope of discoverable material. *Jochims v. Isuzu Motors, Ltd.*, 145 F.R.D. 507, 509 (S.D. Iowa 1992); see also *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 24 (1984) ("Liberal discovery is provided for the sole purpose of assisting in the preparation and trial, or the settlement, of litigated disputes.") Thus, as long as the parties request information or documents relevant to the claims at issue in the case, and such requests are tendered in good faith and are not unduly burdensome, discovery shall proceed. *M. Berenson Co., Inc. v. Faneuil Hall Marketplace, Inc.*, 103 F.R.D. 635, 637 (D. Mass. 1984).

With respect to fair housing cases in particular, there are two basic theories of liability: disparate treatment, which requires proof of intent, and disparate impact, which does not. Each of these theories renders the scope of allowable discovery in cases such as this extremely broad.

Intentional discrimination may be proved by direct or indirect evidence. *Village of Arlington Heights v. Metropolitan Housing Dev. Corp.*, 429 U.S. 252, 266 ("Determining whether invidious discriminatory purpose was a motivating fact demands a sensitive inquiry into such circumstantial and direct evidence of intent as may be available.") A defendant's use of slurs and stereotypes, admissions of bias against members of a protected class, and incriminating statements that reflect an intent to treat members of a protected class differently all constitute direct evidence of discrimination. *Price Waterhouse v. Hopkins*, 490 U.S. 223, 250-251. However, such evidence is rare in discrimination cases because "most persons will not admit publicly that they entertain any bias or prejudice against members of the Negro race." *U.S. v. Real Estate Dev. Corp.*, 347 F.Supp. 776, 783 (N.D. Miss. 1972). More frequently, intentional discrimination is established by indirect, or circumstantial evidence. *Lovelace v. Sherwin-Williams Co.*, 681 F.2d 230, 242. Indirect evidence may consist of comparative evidence, anecdotal evidence, historical evidence, or statistical evidence. *International Broth of Teamsters v. U.S.*, 431 U.S. 324, 335. Comparative evidence, which is the most common evidence of discriminatory intent in fair housing cases, focuses on defendant's treatment of

Melissa Daugherty                                     DAPEER ROSENBLIT LITVAK LLP
Rita Kanno
LEWIS BRISBOIS BISGAARD AND SMITH LLP
October 14, 2019
Page 3 of 68

individuals who are similarly situated to the plaintiff.  For example, in *Watson v. Pathway Financial,* 702 F.Supp. 186, 189 (N.D. Ill. 1988), the fact that the defendant had denied plaintiff's loan application based on prior late payments but had approved six applications of white couples with similar credit histories was considered highly probative of discriminatory intent.

Comparative evidence may also be used to prove that a defendant's asserted justification for its actions is pretextual.  For example, pretext may be shown through delaying tactics or forms of discouragement that are selectively imposed on the plaintiff.  In the fair housing context, pretext may be manifested by a real estate agent's undue hesitancy, or undue concern for potential problems in dealing with a minority purchaser.  In *Davis v. Mansards,* 597 F.Supp. 334 (N.D. Ind. 1984), the court found that a real estate's hesitancy to resolve problems that had arisen with the plaintiff's rental application constituted evidence of pretext.

In addition to comparative evidence, statistical evidence is frequently the basis for inferring intentional discrimination in civil rights cases.  *See, e.g., Holder v. City of Raleigh,* 867 F.2d 823, 827 (4ᵗʰ Cir. 1989) (the race of the individuals in defendant's employment was relevant to plaintiff's employment discrimination claim).  In the present case, statistical proof may be shown by a statistical disparity between the percentage of individuals residing at the Resort who do not maintain familial status, and the percentage of individuals who do.

Anecdotal evidence may also serve as a basis for inferring discriminatory intent.  Such evidence typically refers to behavior or conduct that is unrelated to the specific incident in question but is probative of a discriminatory mindset.  *See, e.g., Gresham v. Windrush Partners, Ltd.,* 730 F.2d 1417, 1422 (11ᵗʰ Cir. 1984).  For example, evidence that defendants had engaged in discriminatory conduct in other aspects of its business, aside from its dealings with Plaintiffs, would constitute relevant and admissible anecdotal evidence.

The fourth type of indirect evidence that may be used to establish discriminatory intent is historical evidence.  In *Pinchblack v. Armistead Homes Corp.,* 689 F.Supp. 541, 545 (D. Md. 1988), the fact that there had never been a black leasehold owner of the defendant housing development was relevant and admissible to establish discriminatory intent.  Moreover, historical evidence includes prior incidents of discrimination.  *Miller v. Poretsky,* 595 F.2d 780, 782-785.

As alluded to above, unlawful discrimination may also be based on a showing of disparate impact.  Where a rule or practice is neutral on its face, it may nevertheless constitute unlawful discrimination if it has an adverse impact on a class of individual protected by the statute.  *See, e.g., Betsey v. Turtle Creek Assoc.,* 736 F.2d 983, 986 (4ᵗʰ Cir. 1984).  Thus, even if defendants' policy against enrollment in school is not discriminatory on its face, Plaintiffs can still establish a violation if that rule, as applied, has an adverse impact on families with children.  Proof of discriminatory intent is not required.  The type of evidence generally used to establish such a claim is statistical.

Melissa Daugherty
Rita Kanno
LEWIS BRISBOIS BISGAARD AND SMITH LLP
October 14, 2019
Page 4 of 68

DAPEER ROSENBLIT LITVAK LLP

With the foregoing in mind, we turn to your clients' responses to the subject requests for production:

## Your Client's General Objections Are Improper and Must Be Withdrawn

Each of your clients' written responses "refers to and incorporates by reference its General Objections set forth hereinabove." This is impermissible in every instance. FRCP 34 expressly requires that a response must "state with specificity the grounds for objecting to the request, including the reasons." FRCP 34(b)(2)(B). Plainly stated, objections must be specific and supported by more than conclusory allegations. Accordingly, the general objections and reservation, and the incorporation thereof into every response must be withdrawn. *See e.g., Heller v. City of Dallas,* 303 F.R.D. 466, 483 (N.D. Texas 2014), holding that "[g]eneral objections...are meaningless and constitute a waste of time for opposing counsel and the court.... This is particularly true in cases like this where multiple general objections are incorporated into many of the responses with no attempt to show the application of each objection to the particular request."

## Your Clients' Responses to Individual Requests Are Improper, Deficient, and Must Be Supplemented

### Request Nos. 1 and 2

These requests seek all documents your clients reviewed or relied on when drafting their answer to Plaintiffs' complaint and all documents related to the matters set forth in the complaint and answer in this matter. In response to these standard requests, your clients refused to answer and objected that the requests: (1) are overly broad; (2) seek documents that are irrelevant; (3) are burdensome and harassing; (4) "assume facts;" (5) invade your client's employees and/or third parties' rights to privacy; (6) require your clients to make legal conclusions; and, (7) seek documents protected by the attorney-client privilege and/or attorney work product doctrine. Each of your clients' objections is without merit, as follows:

#### Objections

#### Overbreadth, Relevance, Burden and Harassment

The party resisting production bears the burden of establishing lack of relevancy or undue burden. *Oleson v. Kmart Corp.,* 175 F.R.D. 560, 565 (D.Kan.1997). The party must demonstrate "that the requested documents either do not come within the broad scope of relevance defined pursuant to Rule 26 or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure...." *Burke v. New York City Police Dept.,* 115 F.R.D. 220, 224 (S.D.N.Y.1987). Further, the "mere statement by a party that the interrogatory [or request for production] was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful

Melissa Daugherty
Rita Kanno
LEWIS BRISBOIS BISGAARD AND SMITH LLP
October 14, 2019
Page 5 of 68

DAPEER ROSENBLIT LITVAK LLP

objection." *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982); *see also Oleson*, 175 F.R.D. 560, 656 ("The litany of overly burdensome, oppressive, and irrelevant does not alone constitute a successful objection to a discovery request.")  "On the contrary, the party resisting discovery 'must show specifically how ... each interrogatory [or request for production] is not relevant or how each question is overly broad, burdensome or oppressive.' "  *Id.* at 992; *see also Oleson*, 175 F.R.D. 560, 565 ("The objecting party must show specifically how each discovery request is burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden."); *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir.1986) (holding that it is not sufficient to merely state a generalized objection, but, rather, objecting party must demonstrate that a particularized harm is likely to occur if the discovery be had by the party seeking it).

With respect to their objections as to overbreadth, relevance, burden and harassment, your clients' fail to sustain their burden of demonstrating that the documents sought by these requests are outside the scope of Rule 26(b)(1).  Your clients have merely asserted boilerplate objections without specifying how the requests are deficient and without articulating the particular harm that would accrue if they were required to respond to them.  The objections are text-book examples of what federal courts have routinely deemed to be improper.  *See Redland Soccer Club, Inc. v. Department of the Army*, 55 F.3d 827, 856 (3d Cir.1995) (stating that the mere statement by a party that the interrogatory was overly broad, burdensome, oppressive and irrelevant is not adequate to voice a successful objection to an interrogatory and that instead, the party resisting discovery must show specifically how each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive); *see also McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir.1990) (stating that "[w]e see no reason to distinguish the standards governing responses to interrogatories from those that govern responses to production requests.")

Even if your clients' objections complied with their obligations under Rule 26, they are still without merit.

Common sense alone establishes the patent absurdity of the notion that this request is overly broad.  These requests ask for documents relied upon in drafting a specific document in this specific lawsuit and for documents bearing on the specific allegations and defenses set forth in the pleadings.

These requests also seek documents patently relevant to the issues in this case. Documents reviewed by your clients in responding to the specific allegations in Plaintiffs' complaint and in formulating their affirmative defenses undoubtedly meet the standard for discoverability.  The documents would necessarily have some tendency to make the facts alleged in the complaint more or less probable (as they would have ostensibly been used to formulate defenses or to vet the facts alleged in the complaint).  And it goes without saying that each of the facts alleged in the complaint and in your clients', answer is relevant to determining this action.

Melissa Daugherty
Rita Kanno
LEWIS BRISBOIS BISGAARD AND SMITH LLP
October 14, 2019
Page 6 of 68

DAPEER ROSENBLIT LITVAK LLP

Your clients' failure to challenge the complaint or seek to have any of the allegations therein stricken impliedly admits this.

These requests are also not burdensome. The party asserting a burdensome objection "has the burden to support its objection and to show not only 'undue burden or expense,' but also to show that the burden or expense is unreasonable in light of the benefits to be secured from the discovery." *Snowden By and Through Victor v. Connaught Labs., Inc.*, 137 F.R.D. 325, 333 (D.Kan.1991). "Thus, even if the production of documents would cause great labor and expense or even considerable hardship and the possibility of injury to its business, Defendant would still be required to establish that the hardship would be undue and disproportionate to the benefits Plaintiff would gain from the document production." *Manning v. General Motors*, 247 F.R.D. 646, 654 (D.Kan.2007). Here, your clients failed to make such a showing. Additionally, your purported position that production in response to these requests would be unduly burdensome defies logic and reason. The requests seek documents that have likely already been identified and reviewed by your clients. To the extent such documents exist (which your clients do not dispute in their responses), your clients necessarily had them in their possession at the time they prepared their answer to the complaint. There is no conceivable burden in producing documents that have already been obtained, presumably set aside, and reviewed as part of this lawsuit.

Most absurd is your assertion that these requests are harassing. These requests merely seek production of documents that your clients have presumably already reviewed and set aside for use in this litigation. There is nothing harassing about this at all.

### Assumes Facts

Your clients' objections that these requests "assumes facts" are also improper. For one, your clients' responses cite no authority for the proposition that a party is prohibited from assuming facts when propounding written discovery, and our office is aware of none. Secondly, even if Plaintiffs did "assume facts" in making these requests, any such assumption would not provide a valid basis upon which an objection could be made; no foundation need be laid for a written request for production of documents.

### Privacy

"Federal courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests." *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 191 (C.D.Cal.2006)). "Resolution of a privacy objection ... requires a balancing of the need for the information sought against the privacy right asserted." *Keith H. v. Long Beach Unified Sch. Dist.*, 228 F.R.D. 652, 657 (C.D. Cal 2005).

Your clients' objections to these requests fail to specifically identify what the privacy interest asserted is, so it is impossible to engage in any sort of balancing test. The objections

Melissa Daugherty
Rita Kanno
LEWIS BRISBOIS BISGAARD AND SMITH LLP
October 14, 2019
Page 7 of 68

DAPEER ROSENBLIT LITVAK LLP

must be withdrawn on this basis alone.  Even if the objections were proper, though, there are numerous mechanisms by which the requested documents could be provided without unduly affecting the apparent privacy rights your clients are asserting.  For example, information your clients deem private could be redacted, and we could thereafter meet and confer regarding the extent of the redactions.  Or, your clients could designate the materials as "confidential" as provided for in the Parties' stipulated protective order, entered by the Court on May 28, 2019.

At the very minimum, your clients are required to provide a privilege log identifying each and every document withheld and providing sufficient information to allow Plaintiffs to evaluate the claim of privacy. *See, e.g., Hampton v. City of San Diego*, 147 F.R.D. 227 (S.D. Cal. 1993).

## Attorney-Client Privilege / Attorney Work Product

It should be noted initially that FRCP 26(b)(5) requires:

> When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

Your clients' objections fail to satisfy the requirements of Rule 26(b)(5).  Specifically, the boilerplate attorney-client privilege/attorney work product objections fail to identify the lawyers and/or others involved in the preparation of the documents, the people to whom the document was sent, and a description of the subject matter of the documents sufficient to enable Plaintiffs to assess the applicability of the claimed privilege. *See Miller v. Pancucci*, 141 F.R.D. 292, 302 (C.D.Cal.1992), stating that to properly claim attorney-client privilege, the claimant must specifically designate and describe the documents claimed to be within the scope of the privilege and to be reasonably precise in stating the reasons for preserving their confidentiality. As Plaintiffs are unable to evaluate your clients' claim of privilege and/or work product, the objections are improper and must be withdrawn. Alternatively, a privilege log must be provided.

## Legal Conclusion

These requests clearly do not require your clients to make any legal conclusions.  And, even if they did, the fact that a discovery request "calls for a legal conclusion is not grounds for an objection." *Thomas v. Cate*, 715 F.Supp.2d 1012 (E.D. Cal. 2010).

Melissa Daugherty
Rita Kanno
LEWIS BRISBOIS BISGAARD AND SMITH LLP
October 14, 2019
Page 8 of 68

DAPEER ROSENBLIT LITVAK LLP

### Conclusion

Your clients must withdraw all of their objections, answer Request Nos. 1 and 2, and provide the documents demanded therein. Your clients must also provide a detailed privilege log describing (sufficient to enable our office to evaluate the claims) all documents withheld on those grounds. We further request that you respond in writing on the issue of why the protective order that your clients stipulated to is insufficient to protect any claims privacy rights.

### Request Nos. 3, 4 and 5

We incorporate herein the discussion regarding the impropriety of your clients' objections set forth above. These requests seek documents that refer directly to the Plaintiffs, correspondence between our clients, and documents relating to the transaction (or lack thereof) giving rise to Plaintiffs' claims. Your clients must therefore withdraw all of their objections to these requests and produce all documents that may have been withheld on the basis of those objections.

We also note that your clients do not have a right to amend and/or supplement their responses. Unlike actions in state court, your clients have an affirmative duty to amend and supplement.

### Request Nos. 6 and 7

These requests seek documents related to the sale and/or lease of any site at the Resort to any person with familial status, including listing agreements, advertisements, and other specifically delineated documents, and all documents reflecting inquiries by any person (regardless of familial status) for housing at the Resort. In response to these requests, your clients refused to answer and objected that the requests: (1) are overly broad; (2) seek documents that are irrelevant/beyond the scope of this lawsuit; (3) invade your client's employees and/or third parties' rights to privacy; and, (4) are not proportional to the needs of the case. Each of your clients' objections is without merit, as follows:

#### Objections

##### Overbreadth, Relevance/Scope

The party resisting production bears the burden of establishing lack of relevancy or undue burden. *Oleson v. Kmart Corp.*, 175 F.R.D. 560, 565 (D.Kan.1997). The party must demonstrate "that the requested documents either do not come within the broad scope of relevance defined pursuant to Rule 26 or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure...." *Burke v. New York City Police Dept.*, 115 F.R.D. 220, 224 (S.D.N.Y.1987). Further, the "mere statement by a party that the interrogatory [or request for production] was

Melissa Daugherty
Rita Kanno
LEWIS BRISBOIS BISGAARD AND SMITH LLP
October 14, 2019
Page 9 of 68

DAPEER ROSENBLIT LITVAK LLP

'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection." *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982); *see also Oleson*, 175 F.R.D. 560, 656 ("The litany of overly burdensome, oppressive, and irrelevant does not alone constitute a successful objection to a discovery request.")  "On the contrary, the party resisting discovery 'must show specifically how ... each interrogatory [or request for production] is not relevant or how each question is overly broad, burdensome or oppressive.' " *Id.* at 992; *see also Oleson*, 175 F.R.D. 560, 565 ("The objecting party must show specifically how each discovery request is burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden."); *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir.1986) (holding that it is not sufficient to merely state a generalized objection, but, rather, objecting party must demonstrate that a particularized harm is likely to occur if the discovery be had by the party seeking it).

With respect to their objections as to overbreadth, relevance, burden and harassment, your clients' fail to sustain their burden of demonstrating that the documents sought by these requests are outside the scope of Rule 26(b)(1).  Your clients have merely asserted boilerplate objections without specifying how the requests are deficient and without articulating the particular harm that would accrue if they were required to respond to them.  The objections are text-book examples of what federal courts have routinely deemed to be improper.  *See Redland Soccer Club, Inc. v. Department of the Army*, 55 F.3d 827, 856 (3d Cir.1995) (stating that the mere statement by a party that the interrogatory was overly broad, burdensome, oppressive and irrelevant is not adequate to voice a successful objection to an interrogatory and that instead, the party resisting discovery must show specifically how each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive); *see also McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir.1990) (stating that "[w]e see no reason to distinguish the standards governing responses to interrogatories from those that govern responses to production requests.")

Even if your clients' objections complied with their obligations under Rule 26, they are still without merit.

The requests are not overly broad as to time or scope.  They are expressly limited to a time period of less than four years and seek a specific category of documents, to wit, those related to sales and/or leases of sites to people maintaining familial status and those related to inquiries for housing at the Resort only.

These requests also seek documents patently relevant to and within the scope of the issues in this case.  As discussed above, documents related to your clients' past sales and/or leases of properties to individuals with familial status (or the lack thereof) are relevant to proving discriminatory intent. The testimony of past lessors and/or owners, and individuals who inquired about renting and/or purchasing at the Resort, may be highly relevant in determining whether your clients engage in a pattern and practice of discrimination on the basis of familial status in

Melissa Daugherty
Rita Kanno
LEWIS BRISBOIS BISGAARD AND SMITH LLP
October 14, 2019
Page 10 of 68

DAPEER ROSENBLIT LITVAK LLP

operating their business. *See, e.g., Woods-Drake v. Lundy,* 667 F.2d 1198, 1202 n. 7 (5th Cir. 1982) ("In housing cases, a history of not renting to blacks is relevant in proving racial discrimination.")

### Privacy

"Federal courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests." *A. Farber & Partners, Inc. v. Garber,* 234 F.R.D. 186, 191 (C.D.Cal.2006)). "Resolution of a privacy objection ... requires a balancing of the need for the information sought against the privacy right asserted." *Keith H. v. Long Beach Unified Sch. Dist.,* 228 F.R.D. 652, 657 (C.D. Cal 2005).

Your clients' objections to these requests fail to specifically identify what the privacy interest asserted is, so it is impossible to engage in any sort of balancing test. The objections must be withdrawn on this basis alone. Even if the objections were proper, though, there are numerous mechanisms by which the requested documents could be provided without unduly affecting the apparent privacy rights your clients are asserting. For example, information your clients deem private could be redacted, and we could thereafter meet and confer regarding the extent of the redactions. Or, your clients could designate the materials as "confidential" as provided for in the Parties' stipulated protective order, entered by the Court on May 28, 2019. At the very minimum, your clients are required to provide a privilege log identifying each and every document withheld and providing sufficient information to allow Plaintiffs to evaluate the claim of privacy. *See, e.g., Hampton v. City of San Diego,* 147 F.R.D. 227 (S.D. Cal. 1993).

In any event, discovery regarding past rentals and/or sales to individuals with familial status does not raise confidentiality concerns or run afoul of third party privacy rights. In civil rights cases such as this, courts routinely order production of such third-party information. *Ceramic Corp. of America v. Inka Maritime Corp., Inc.,* 163 F.R.D. 584, 589 (C.D. Cal. 1995) (citing cases requiring production of non-party medical information, tenure and personnel files, and evaluations of non-party supervisor); see *Marable v. H. Walker & Assoc.,* 644 F.2d 390, 396 (5th Cir. 1981) (requiring production of tenant applications and credit reports).

### Proportionality

Like your clients' overbreadth and relevance objections, their proportionality objections are boilerplate and unsupported by any explanation or affidavit. On this basis alone, they are improper. They are also improper because your clients' opinion on the importance of this case is irrelevant and not a basis upon which an objection can be made. While our clients' special damages may not be significant, their general damages such as emotional distress have not been determined, nor have punitive damages and statutory penalties ($19,787 for a first violation up to $98,935 for more than two violations). But even absent any damages or penalties, *i.e.,* if Plaintiffs only sought equitable relief, your clients' objections still fail. This case seeks to vindicate our clients' fundamental rights to not be discriminated against because of their familial

Melissa Daugherty
Rita Kanno
LEWIS BRISBOIS BISGAARD AND SMITH LLP
October 14, 2019
Page 11 of 68

DAPEER ROSENBLIT LITVAK LLP

status. Assurance of fair housing practices is a legislatively declared policy of the United States. 42 U.S.C. 3601. Insofar as the goal of this lawsuit is furtherance of equal rights, this lawsuit presents a significantly more important issue than the vast majority of cases, even those with exorbitant damage claims.

<u>Conclusion</u>

Your clients must withdraw all of their objections, answer Request Nos. 6 and 7, and provide the documents demanded therein. Your clients must further provide a privilege log with sufficient information to enable Plaintiffs to evaluate your clients' claims of privacy and privilege as to any documents withheld.

<u>Request Nos. 8 and 9</u>

These requests seek resident files and move files for each owner, tenant and/or occupant of the Resort with familial status. In response to these requests, your clients objected that the requests: (1) are overly broad; (2) seek documents that are irrelevant/beyond the scope of this lawsuit; (3) invade your client's employees and/or third parties' rights to privacy; and, (4) are not proportional to the needs of the case. Your clients further stated that they had no responsive documents in this possession, custody or control. Each of your clients' objections is without merit, and their contention that they possess no responsive documents is unbelievable.

<u>Objections</u>

<u>Overbreadth, Relevance/Scope</u>

The party resisting production bears the burden of establishing lack of relevancy or undue burden. *Oleson v. Kmart Corp.*, 175 F.R.D. 560, 565 (D.Kan.1997). The party must demonstrate "that the requested documents either do not come within the broad scope of relevance defined pursuant to Rule 26 or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure...." *Burke v. New York City Police Dept.*, 115 F.R.D. 220, 224 (S.D.N.Y.1987). Further, the "mere statement by a party that the interrogatory [or request for production] was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection." *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982); *see also Oleson*, 175 F.R.D. 560, 656 ("The litany of overly burdensome, oppressive, and irrelevant does not alone constitute a successful objection to a discovery request.") "On the contrary, the party resisting discovery 'must show specifically how ... each interrogatory [or request for production] is not relevant or how each question is overly broad, burdensome or oppressive.' " *Id.* at 992; *see also Oleson*, 175 F.R.D. 560, 565 ("The objecting party must show specifically how each discovery request is burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden."); *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir.1986) (holding that it is not sufficient to merely state a generalized objection, but, rather,

Melissa Daugherty                                         DAPEER ROSENBLIT LITVAK LLP
Rita Kanno
LEWIS BRISBOIS BISGAARD AND SMITH LLP
October 14, 2019
Page 12 of 68

objecting party must demonstrate that a particularized harm is likely to occur if the discovery be had by the party seeking it).

With respect to their objections as to overbreadth, relevance, burden and harassment, your clients' fail to sustain their burden of demonstrating that the documents sought by these requests are outside the scope of Rule 26(b)(1). Your clients have merely asserted boilerplate objections without specifying how the requests are deficient and without articulating the particular harm that would accrue if they were required to respond to them. The objections are text-book examples of what federal courts have routinely deemed to be improper. *See Redland Soccer Club, Inc. v. Department of the Army,* 55 F.3d 827, 856 (3d Cir.1995) (stating that the mere statement by a party that the interrogatory was overly broad, burdensome, oppressive and irrelevant is not adequate to voice a successful objection to an interrogatory and that instead, the party resisting discovery must show specifically how each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive); *see also McLeod, Alexander, Powel & Apffel, P.C. v. Quarles,* 894 F.2d 1482, 1485 (5th Cir.1990) (stating that "[w]e see no reason to distinguish the standards governing responses to interrogatories from those that govern responses to production requests.")

Even if your clients' objections complied with their obligations under Rule 26, they are still without merit.

The requests are not overly broad as to time or scope. They are expressly limited to a time period of less than four years and seek a specific category of documents, to wit, resident files and move-out files. Further, the types of documents that typically are included in those files are specifically identified.

These requests also seek documents patently relevant to and within the scope of the issues in this case. Documents related to your clients' past sales and/or leases of properties to individuals with familial status (or the absence thereof) are relevant to proving discriminatory intent. The testimony of past and present lessors and/or owners, and individuals who inquired about renting and/or purchasing at the Resort, may be highly relevant in determining whether your clients engage in a pattern and practice of discrimination on the basis of familial status in operating their business. *See, e.g., Woods-Drake v. Lundy,* 667 F.2d 1198, 1202 n. 7 (5th Cir. 1982) ("In housing cases, a history of not renting to blacks is relevant in proving racial discrimination.") Language in any leases and related documents may also reveal the disclosure of discriminatory policies. Further, these documents would provide evidence of the number of rentals to individuals maintaining familial status and such statistical evidence may reflect a history of not renting to families with children, which is relevant in proving discrimination. *Id.*

Melissa Daugherty
Rita Kanno
LEWIS BRISBOIS BISGAARD AND SMITH LLP
October 14, 2019
Page 13 of 68

DAPEER ROSENBLIT LITVAK LLP

### Privacy

"Federal courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests." *A. Farber & Partners, Inc. v. Garber,* 234 F.R.D. 186, 191 (C.D.Cal.2006)). "Resolution of a privacy objection ... requires a balancing of the need for the information sought against the privacy right asserted." *Keith H. v. Long Beach Unified Sch. Dist.,* 228 F.R.D. 652, 657 (C.D. Cal 2005).

Your clients' objections to these requests fail to specifically identify what the privacy interest asserted is, so it is impossible to engage in any sort of balancing test. The objections must be withdrawn on this basis alone. Even if the objections were proper, though, there are numerous mechanisms by which the requested documents could be provided without unduly affecting the apparent privacy rights your clients are asserting. For example, information your clients deem private could be redacted, and we could thereafter meet and confer regarding the extent of the redactions. Or, your clients could designate the materials as "confidential" as provided for in the Parties' stipulated protective order, entered by the Court on May 28, 2019. At the very minimum, your clients are required to provide a privilege log identifying each and every document withheld and providing sufficient information to allow Plaintiffs to evaluate the claim of privacy. *See, e.g., Hampton v. City of San Diego,* 147 F.R.D. 227 (S.D. Cal. 1993).

In any event, discovery regarding past rentals and/or sales to individuals with familial status does not raise confidentiality concerns or run afoul of third party privacy rights. In civil rights cases such as this, courts routinely order production of such third-party information. *Ceramic Corp. of America v. Inka Maritime Corp., Inc.,* 163 F.R.D. 584, 589 (C.D. Cal. 1995) (citing causes requiring production of non-party medical information, tenure and personnel files, and evaluations of non-party supervisor); see *Marable v. H. Walker & Assoc.,* 644 F.2d 390, 396 (5th Cir. 1981) (requiring production of tenant applications and credit reports).

### Proportionality

Like your clients' overbreadth and relevance objections, their proportionality objections are boilerplate and unsupported by any explanation or affidavit. On this basis alone, they are improper. They are also improper because your clients' opinion on the importance of this case and whether Plaintiffs were damages is irrelevant and not a basis upon which an objection can be made. While our clients' special damages may not be significant, their general damages such as emotional distress have not been determined, nor have punitive damages and statutory penalties ($19,787 for a first violation up to $98,935 for more than two violations). But even absent any damages or penalties, *i.e.,* if Plaintiffs only sought equitable relief, your clients' objections still fail. This case seeks to vindicate our clients' fundamental rights to not be discriminated against because of their familial status. Assurance of fair housing practices is a legislatively declared policy of the United States. 42 U.S.C. 3601. Insofar as the goal of this lawsuit is furtherance of equal rights, this lawsuit presents a significantly more important issue than the vast majority of cases, even those with exorbitant damage claims.

Melissa Daugherty
Rita Kanno
LEWIS BRISBOIS BISGAARD AND SMITH LLP
October 14, 2019
Page 14 of 68

DAPEER ROSENBLIT LITVAK LLP

### Assertion that Your Clients Do Not Possess Responsive Documents

Your clients' assertion that they do not have documents responsive to this request in their possession is unbelievable.  These requests specifically seek leases, rental agreements, purchase/sale agreements, applications, security deposit refunds, *i.e.,* cancelled checks, and other documents that your clients are undoubtedly in possession or control of.  Your clients are real estate brokers who earn their living from commissions generated by the sale and/or lease of sites at the Resort.  Your clients currently have dozens of rental and sale listings advertised on their website.  Certainly, as the individuals brokering such transactions, they would have copies of all documents relating thereto.  It should also be noted that Rule 34(a)(1) obligates your clients to produce not only those documents within their possession, but also those within their custody or control.

Your clients should also be aware that in the event they have failed to maintain these documents, they have violated California Business and Professions Code, section 10148, which provides, "A licensed real estate broker shall retain for three years copies of all listings, deposit receipts, canceled checks, trust records, and other documents executed by him or her or obtained by him or her in connection with any transactions for which a real estate broker license is required."  Your clients should further be aware that the failure to maintain records can serve as a basis for the Department of Real Estate to suspend or revoke their licenses.  With this in mind, we invite your clients to reconsider whether they truly do not have the documents sought by Request Nos. 8 and 9 within their possession, *custody and control*.

### Conclusion

Your clients must withdraw all of their objections and provide the documents demanded in Request Nos. 8 and 9.  Your clients must further provide a privilege log with sufficient information to enable Plaintiffs to evaluate your clients' claims of privacy and privilege as to any documents withheld.

### Request No. 10

This request seeks documents reflecting eligibility criteria for purchasing and/or leasing a site at the Resort.  In response to these requests, your clients objected that the requests: (1) invade your client's employees and/or third parties' rights to privacy; and, (2) are not proportional to the needs of the case.  Your clients further stated that they had no responsive documents in this possession, custody or control and directed Plaintiffs to the HOA.  Each of your clients' objections is without merit, and their contention that they have no responsive documents in their possession is unbelievable.

Melissa Daugherty
Rita Kanno
LEWIS BRISBOIS BISGAARD AND SMITH LLP
October 14, 2019
Page 15 of 68

DAPEER ROSENBLIT LITVAK LLP

### Objections

#### Privacy

"Federal courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests." *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 191 (C.D.Cal.2006)). "Resolution of a privacy objection ... requires a balancing of the need for the information sought against the privacy right asserted." *Keith H. v. Long Beach Unified Sch. Dist.*, 228 F.R.D. 652, 657 (C.D. Cal 2005).

Your clients' objections to these requests fail to specifically identify what the privacy interest asserted is, so it is impossible to engage in any sort of balancing test. The objections must be withdrawn on this basis alone. Even if the objections were proper, though, there are numerous mechanisms by which the requested documents could be provided without unduly affecting the apparent privacy rights your clients are asserting. For example, information your clients deem private could be redacted, and we could thereafter meet and confer regarding the extent of the redactions. Or, your clients could designate the materials as "confidential" as provided for in the Parties' stipulated protective order, entered by the Court on May 28, 2019. At the very minimum, your clients are required to provide a privilege log identifying each and every document withheld and providing sufficient information to allow Plaintiffs to evaluate the claim of privacy. *See, e.g., Hampton v. City of San Diego*, 147 F.R.D. 227 (S.D. Cal. 1993).

In any event, Request No. 10 does not even request documents that bear remotely on any person. The request seeks documents reflecting policies about what is required to reside at the Resort. None of these documents could conceivably contain protected information.

#### Proportionality

Your clients' proportionality objections are boilerplate and unsupported by any explanation or affidavit. On this basis alone, they are improper. They are also improper because your clients' opinion on the importance of this case and whether Plaintiffs were damaged is irrelevant and not a basis upon which an objection can be made. While our clients' special damages may not be significant, their general damages such as emotional distress have not been determined, nor have punitive damages and statutory penalties ($19,787 for a first violation up to $98,935 for more than two violations). But even absent any damages or penalties, *i.e.*, if Plaintiffs only sought equitable relief, your clients' objections still fail. This case seeks to vindicate our clients' fundamental rights to not be discriminated against because of their familial status. Assurance of fair housing practices is a legislatively declared policy of the United States. 42 U.S.C. 3601. Insofar as the goal of this lawsuit is furtherance of equal rights, this lawsuit presents a significantly more important issue than the vast majority of cases, even those with exorbitant damage claims.

Melissa Daugherty
Rita Kanno
LEWIS BRISBOIS BISGAARD AND SMITH LLP
October 14, 2019
Page 16 of 68

DAPEER ROSENBLIT LITVAK LLP

### Assertion that Your Clients Do Not Possess Responsive Documents

Your clients' assertion that they do not have documents responsive to this request in their possession is unbelievable. In fact, your clients have literally posted responsive documents on their website, under the "General Rules," "Rent Both Site & RV," "Enhanced Sites for Sale," "Undeveloped Sites for Sale subpages," and "Sites for Sale With Financing" subpages. It is additionally likely that purchase and/or lease packages, which the law requires your clients to maintain (see discussion above), would contain Resort rules, selection criteria, etc. It should also be noted that Rule 34(a)(1) obligates your clients to produce not only those documents within their possession, but also those within their custody or control.

Insofar as we have proof that your clients' do have responsive documents in their possession, custody or control, we invite them to reconsider their assertion otherwise.

### Conclusion

Your clients must withdraw all of their objections and provide the documents demanded in Request No. 10. Your clients must further provide a privilege log with sufficient information to enable Plaintiffs to evaluate your clients' claims of privacy and privilege as to any documents withheld.

## Request No. 11

This request seeks documents reflecting your clients' employment policies applicable their provision of brokerage services. In response to this request, your clients refused to answer and objected that the request: (1) is overly broad; (2) seeks documents that are irrelevant; (3) is burdensome and harassing; (4) "assume facts;" (5) invade your client's employees and/or third parties' rights to privacy; (6) is not proportional to the needs of the case, (7) requires your clients to make legal conclusions; and, (8) seeks documents protected by the attorney-client privilege and/or attorney work product doctrine. Each of your clients' objections is without merit.

### Objections

#### Overbreadth, Relevance/Scope

The party resisting production bears the burden of establishing lack of relevancy or undue burden. *Oleson v. Kmart Corp.*, 175 F.R.D. 560, 565 (D.Kan.1997). The party must demonstrate "that the requested documents either do not come within the broad scope of relevance defined pursuant to Rule 26 or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure…." *Burke v. New York City Police Dept.*, 115 F.R.D. 220, 224 (S.D.N.Y.1987). Further, the "mere statement by a party that the interrogatory [or request for production] was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful

Melissa Daugherty                                              DAPEER ROSENBLIT LITVAK LLP
Rita Kanno
LEWIS BRISBOIS BISGAARD AND SMITH LLP
October 14, 2019
Page 17 of 68

objection." *Josephs v. Harris Corp.,* 677 F.2d 985, 992 (3d Cir. 1982); *see also Oleson,* 175 F.R.D. 560, 656 ("The litany of overly burdensome, oppressive, and irrelevant does not alone constitute a successful objection to a discovery request.") "On the contrary, the party resisting discovery 'must show specifically how … each interrogatory [or request for production] is not relevant or how each question is overly broad, burdensome or oppressive.' " *Id.* at 992; *see also Oleson,* 175 F.R.D. 560, 565 ("The objecting party must show specifically how each discovery request is burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden."); *Cipollone v. Liggett Group, Inc.,* 785 F.2d 1108, 1121 (3d Cir.1986) (holding that it is not sufficient to merely state a generalized objection, but, rather, objecting party must demonstrate that a particularized harm is likely to occur if the discovery be had by the party seeking it).

With respect to their objections as to overbreadth, relevance, burden and harassment, your clients' fail to sustain their burden of demonstrating that the documents sought by these requests are outside the scope of Rule 26(b)(1). Your clients have merely asserted boilerplate objections without specifying how the requests are deficient and without articulating the particular harm that would accrue if they were required to respond to them. The objections are text-book examples of what federal courts have routinely deemed to be improper. *See Redland Soccer Club, Inc. v. Department of the Army,* 55 F.3d 827, 856 (3d Cir.1995) (stating that the mere statement by a party that the interrogatory was overly broad, burdensome, oppressive and irrelevant is not adequate to voice a successful objection to an interrogatory and that instead, the party resisting discovery must show specifically how each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive); *see also McLeod, Alexander, Powel & Apffel, P.C. v. Quarles,* 894 F.2d 1482, 1485 (5th Cir.1990) (stating that "[w]e see no reason to distinguish the standards governing responses to interrogatories from those that govern responses to production requests.")

Even if your clients' objections complied with their obligations under Rule 26, they are still without merit.

The requests are not overly broad as to time or scope. They are expressly limited to a time period of less than four years and seek a specific category of documents, to wit, documents reflecting your clients' internal policies related to their provision of brokerage services.

These requests also seek documents patently relevant to and within the scope of the issues in this case. Documents related to your clients' brokerage policies may be relevant to demonstrate knowledge insofar as they likely have policies regarding discrimination and state and federal fair housing laws. To the extent your clients were aware that making statements indicating a limitation on families with children was illegal before they made such a statement to Plaintiffs, such evidence would be admissible to demonstrate intent and knowledge, which would likely impact the amount of a punitive damages aware. Plaintiffs are thus entitled to the documents sought by way of this request.

Melissa Daugherty
Rita Kanno
LEWIS BRISBOIS BISGAARD AND SMITH LLP
October 14, 2019
Page 18 of 68

DAPEER ROSENBLIT LITVAK LLP

### Privacy

"Federal courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests." *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 191 (C.D.Cal.2006)). "Resolution of a privacy objection ... requires a balancing of the need for the information sought against the privacy right asserted." *Keith H. v. Long Beach Unified Sch. Dist.*, 228 F.R.D. 652, 657 (C.D. Cal 2005).

Your clients' objections to these requests fail to specifically identify what the privacy interest asserted is, so it is impossible to engage in any sort of balancing test. The objections must be withdrawn on this basis alone. Even if the objections were proper, though, there are numerous mechanisms by which the requested documents could be provided without unduly affecting the apparent privacy rights your clients are asserting. For example, information your clients deem private could be redacted, and we could thereafter meet and confer regarding the extent of the redactions. Or, your clients could designate the materials as "confidential" as provided for in the Parties' stipulated protective order, entered by the Court on May 28, 2019. At the very minimum, your clients are required to provide a privilege log identifying each and every document withheld and providing sufficient information to allow Plaintiffs to evaluate the claim of privacy. *See, e.g., Hampton v. City of San Diego,* 147 F.R.D. 227 (S.D. Cal. 1993).

In any event, Request No. 11 does not even request documents that bear remotely on any private information of any person. The request seeks documents reflecting policies of your clients which would ostensibly be applicable to everyone working for them, and not specific to a particular person. Accordingly, none of these documents could conceivably contain protected information.

### Proportionality

Like your clients' other objections, their proportionality objections are boilerplate and unsupported by any explanation or affidavit. On this basis alone, they are improper. They are also improper because your clients' opinion on the importance of this case and whether Plaintiffs were damages is irrelevant and not a basis upon which an objection can be made. Additionally, your clients' assertion that Plaintiffs have not sought mental treatment is pure speculation and also not a valid basis for objection. While our clients' special damages may not be significant, their general damages such as emotional distress have not been determined, nor have punitive damages and statutory penalties ($19,787 for a first violation up to $98,935 for more than two violations). But even absent any damages or penalties, *i.e.,* if Plaintiffs only sought equitable relief, your clients' objections still fail. This case seeks to vindicate our clients' fundamental rights to not be discriminated against because of their familial status. Assurance of fair housing practices is a legislatively declared policy of the United States. 42 U.S.C. 3601. Insofar as the goal of this lawsuit is furtherance of equal rights, this lawsuit presents a significantly more important issue than the vast majority of cases, even those with exorbitant damage claims.

Melissa Daugherty
Rita Kanno
LEWIS BRISBOIS BISGAARD AND SMITH LLP
October 14, 2019
Page 19 of 68

DAPEER ROSENBLIT LITVAK LLP

### Assumes Facts

Your clients' objections that this request "assumes facts" is also improper.  For one, your clients' responses cite no authority for the proposition that a party is prohibited from assuming facts when propounding written discovery, and our office is aware of none.  Secondly, even if Plaintiffs did "assume facts" in making these requests, any such assumption would not provide a valid basis upon which an objection could be made; no foundation need be laid for a written request for production of documents.

### Attorney-Client Privilege / Attorney Work Product

It should be noted initially that FRCP 26(b)(5) requires:

> When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

Your clients' objections fail to satisfy the requirements of Rule 26(b)(5).  Specifically, the boilerplate attorney-client privilege/attorney work product objections fail to identify the lawyers and/or others involved in the preparation of the documents, the people to whom the document was sent, and a description of the subject matter of the documents sufficient to enable Plaintiffs to assess the applicability of the claimed privilege. *See Miller v. Pancucci,* 141 F.R.D. 292, 302 (C.D.Cal.1992), stating that to properly claim attorney-client privilege, the claimant must specifically designate and describe the documents claimed to be within the scope of the privilege and to be reasonably precise in stating the reasons for preserving their confidentiality. As Plaintiffs are unable to evaluate your clients' claim of privilege and/or work product, the objections are improper and must be withdrawn.  To the extent your clients maintain the objections, a privilege log must be provided.

### Legal Conclusion

This request clearly does not require your clients to make any legal conclusions.  And, even if it did, the fact that a discovery request "calls for a legal conclusion is not grounds for an objection." *Thomas v. Cate,* 715 F.Supp.2d 1012 (E.D. Cal. 2010).

Melissa Daugherty
Rita Kanno
LEWIS BRISBOIS BISGAARD AND SMITH LLP
October 14, 2019
Page 20 of 68

DAPEER ROSENBLIT LITVAK LLP

### Assertion that The HOA, and Not Your Clients, Maintains Responsive Documents

Your clients' assertion that they HOA may have documents responsive to this request is absurd. This request seeks documents reflecting policies created and implemented by your clients; not policies of the HOA. It should also be noted that Rule 34(a)(1) obligates your clients to produce not only those documents within their possession, but also those within their custody or control.

### Conclusion

Your clients must withdraw all of their objections and provide the documents demanded in Request No 11. Your clients must further provide a privilege log with sufficient information

to enable Plaintiffs to evaluate your clients' claims of privacy and privilege as to any documents withheld.

### Request No. 12

This request seeks documents reflecting previous complaints lodged against your clients and their employees. In response to this request, your clients refused to answer and objected that the request: (1) is overly broad; (2) seeks documents that are irrelevant; (3) is burdensome and harassing; (4) "assume facts;" (5) invade your client's employees and/or third parties' rights to privacy; (6) is not proportional to the needs of the case, (7) requires your clients to make legal conclusions; and, (8) seeks documents protected by the attorney-client privilege and/or attorney work product doctrine. Each of your clients' objections is without merit.

### Objections

### Overbreadth, Relevance/Scope

The party resisting production bears the burden of establishing lack of relevancy or undue burden. *Oleson v. Kmart Corp.*, 175 F.R.D. 560, 565 (D.Kan.1997). The party must demonstrate "that the requested documents either do not come within the broad scope of relevance defined pursuant to Rule 26 or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure...." *Burke v. New York City Police Dept.*, 115 F.R.D. 220, 224 (S.D.N.Y.1987). Further, the "mere statement by a party that the interrogatory [or request for production] was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection." *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982); *see also Oleson*, 175 F.R.D. 560, 656 ("The litany of overly burdensome, oppressive, and irrelevant does not alone constitute a successful objection to a discovery request.") "On the contrary, the party resisting discovery 'must show specifically how ... each interrogatory [or request for production] is not relevant or how each question is overly broad, burdensome or oppressive.'" *Id.* at 992; *see*

Melissa Daugherty                                      DAPEER ROSENBLIT LITVAK LLP
Rita Kanno
LEWIS BRISBOIS BISGAARD AND SMITH LLP
October 14, 2019
Page 21 of 68

*also Oleson*, 175 F.R.D. 560, 565 ("The objecting party must show specifically how each discovery request is burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden."); *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir.1986) (holding that it is not sufficient to merely state a generalized objection, but, rather, objecting party must demonstrate that a particularized harm is likely to occur if the discovery be had by the party seeking it).

With respect to their objections as to overbreadth, relevance, burden and harassment, your clients' fail to sustain their burden of demonstrating that the documents sought by these requests are outside the scope of Rule 26(b)(1). Your clients have merely asserted boilerplate objections without specifying how the requests are deficient and without articulating the particular harm that would accrue if they were required to respond to them. The objections are text-book examples of what federal courts have routinely deemed to be improper. *See Redland Soccer Club, Inc. v. Department of the Army*, 55 F.3d 827, 856 (3d Cir.1995) (stating that the mere statement by a party that the interrogatory was overly broad, burdensome, oppressive and irrelevant is not adequate to voice a successful objection to an interrogatory and that instead, the party resisting discovery must show specifically how each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive); *see also McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir.1990) (stating that "[w]e see no reason to distinguish the standards governing responses to interrogatories from those that govern responses to production requests.")

Even if your clients' objections complied with their obligations under Rule 26, they are still without merit.

The request is not overly broad as to time or scope. It is expressly limited to a time period of less than four years and seek a specific category of documents, to wit, documents reflecting complaints of any kind against your clients.

These requests also seek documents patently relevant to and within the scope of the issues in this case. Documents evidencing prior complaints against your clients, especially prior complaints of discrimination, would not only be discoverable, but actually admissible to provide that your clients intended to discriminate against Plaintiffs. *See, e.g., Wyatt v. Security Inn Food & Beverage, Inc.*, 819 F.2d 69, 71 (4th Cir. 1987). In fact, in *Miller v. Poretsky*, 595 F.2d 780, 782-785, the District of Columbia Circuit held that a trial court's refusal to admit this type of evidence was an abuse of discretion. *See also, Pinchback v. Armistead Homes Corp.*, 689 F.Supp. 541, 543 (D. Md. 1988).

<u>Privacy</u>

"Federal courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests." *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 191 (C.D.Cal.2006)). "Resolution of a privacy objection ... requires a balancing of the need

Melissa Daugherty                                                  DAPEER ROSENBLIT LITVAK LLP
Rita Kanno
LEWIS BRISBOIS BISGAARD AND SMITH LLP
October 14, 2019
Page 22 of 68

for the information sought against the privacy right asserted." *Keith H. v. Long Beach Unified Sch. Dist.,* 228 F.R.D. 652, 657 (C.D. Cal 2005).

Your clients' objections to these requests fail to specifically identify what the privacy interest asserted is, so it is impossible to engage in any sort of balancing test. The objections must be withdrawn on this basis alone. Even if the objections were proper, though, there are numerous mechanisms by which the requested documents could be provided without unduly affecting the apparent privacy rights your clients are asserting. For example, information your clients deem private could be redacted, and we could thereafter meet and confer regarding the extent of the redactions. Or, your clients could designate the materials as "confidential" as provided for in the Parties' stipulated protective order, entered by the Court on May 28, 2019. At the very minimum, your clients are required to provide a privilege log identifying each and every document withheld and providing sufficient information to allow Plaintiffs to evaluate the claim of privacy. *See, e.g., Hampton v. City of San Diego,* 147 F.R.D. 227 (S.D. Cal. 1993).

In any event, Request No. 12 does not even request documents that could possibly be protected as private. There is no right to privacy in the fact that a complaint was filed against a particular person, nor would the subject of that complaint and the manner of its resolution be protected.

### Proportionality

Like your clients' other objections, their proportionality objections are boilerplate and unsupported by any explanation or affidavit. On this basis alone, they are improper. They are also improper because your clients' opinion on the importance of this case and whether Plaintiffs were damages is irrelevant and not a basis upon which an objection can be made. Additionally, your clients' assertion that Plaintiffs have not sought mental treatment is pure speculation and also not a valid basis for objection. While our clients' special damages may not be significant, their general damages such as emotional distress have not been determined, nor have punitive damages and statutory penalties ($19,787 for a first violation up to $98,935 for more than two violations). But even absent any damages or penalties, *i.e.,* if Plaintiffs only sought equitable relief, your clients' objections still fail. This case seeks to vindicate our clients' fundamental rights to not be discriminated against because of their familial status. Assurance of fair housing practices is a legislatively declared policy of the United States. 42 U.S.C. 3601. Insofar as the goal of this lawsuit is furtherance of equal rights, this lawsuit presents a significantly more important issue than the vast majority of cases, even those with exorbitant damage claims.

### Assumes Facts

Your clients' objections that this request "assumes facts" is also improper. For one, your clients' responses cite no authority for the proposition that a party is prohibited from assuming facts when propounding written discovery, and our office is aware of none. Secondly, even if Plaintiffs did "assume facts" in making these requests, any such assumption would not provide a

Melissa Daugherty
Rita Kanno
LEWIS BRISBOIS BISGAARD AND SMITH LLP
October 14, 2019
Page 23 of 68

valid basis upon which an objection could be made; no foundation need be laid for a written request for production of documents.

## Attorney-Client Privilege / Attorney Work Product

It should be noted initially that FRCP 26(b)(5) requires:

> When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

Your clients' objections fail to satisfy the requirements of Rule 26(b)(5). Specifically, the boilerplate attorney-client privilege/attorney work product objections fail to identify the lawyers and/or others involved in the preparation of the documents, the people to whom the document was sent, and a description of the subject matter of the documents sufficient to enable Plaintiffs to assess the applicability of the claimed privilege. *See Miller v. Pancucci*, 141 F.R.D. 292, 302 (C.D.Cal.1992), stating that to properly claim attorney-client privilege, the claimant must specifically designate and describe the documents claimed to be within the scope of the privilege and to be reasonably precise in stating the reasons for preserving their confidentiality. As Plaintiffs are unable to evaluate your clients' claim of privilege and/or work product, the objections are improper and must be withdrawn. To the extent your clients maintain the objections, a privilege log must be provided.

## Legal Conclusion

This request clearly does not require your clients to make any legal conclusions. And, even if it did, the fact that a discovery request "calls for a legal conclusion is not grounds for an objection." *Thomas v. Cate*, 715 F.Supp.2d 1012 (E.D. Cal. 2010).

## Conclusion

Your clients must withdraw all of their objections and provide the documents demanded in Request No 12. Your clients must further provide a privilege log with sufficient information to enable Plaintiffs to evaluate your clients' claims of privacy and privilege as to any documents withheld.

Melissa Daugherty                                    DAPEER ROSENBLIT LITVAK LLP
Rita Kanno
LEWIS BRISBOIS BISGAARD AND SMITH LLP
October 14, 2019
Page 24 of 68

## Request No. 13

This request seeks documents reflecting complaints lodged by Resort residents against individuals maintaining familial status and the manner in which your clients responded to the complaints.  In response to this request, your clients objected that the request: (1) is overly broad; (2) seeks documents that are irrelevant; (3) is burdensome and harassing; (4) "assume facts;" (5) invade your client's employees and/or third parties' rights to privacy; (6) is not proportional to the needs of the case, (7) requires your clients to make legal conclusions; and, (8) seeks documents protected by the attorney-client privilege and/or attorney work product doctrine.  Your clients further answered that they have no responsive documents in their possession.  Your clients' responses and each of their objections are without merit.

### Objections

#### Overbreadth, Relevance/Scope

The party resisting production bears the burden of establishing lack of relevancy or undue burden.  *Oleson v. Kmart Corp.,* 175 F.R.D. 560, 565 (D.Kan.1997).  The party must demonstrate "that the requested documents either do not come within the broad scope of relevance defined pursuant to Rule 26 or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure...."  *Burke v. New York City Police Dept.,* 115 F.R.D. 220, 224 (S.D.N.Y.1987).  Further, the "mere statement by a party that the interrogatory [or request for production] was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection."  *Josephs v. Harris Corp.,* 677 F.2d 985, 992 (3d Cir. 1982); *see also Oleson,* 175 F.R.D. 560, 656 ("The litany of overly burdensome, oppressive, and irrelevant does not alone constitute a successful objection to a discovery request.")  "On the contrary, the party resisting discovery 'must show specifically how ... each interrogatory [or request for production] is not relevant or how each question is overly broad, burdensome or oppressive.' "  *Id.* at 992; *see also Oleson,* 175 F.R.D. 560, 565 ("The objecting party must show specifically how each discovery request is burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden."); *Cipollone v. Liggett Group, Inc.,* 785 F.2d 1108, 1121 (3d Cir.1986) (holding that it is not sufficient to merely state a generalized objection, but, rather, objecting party must demonstrate that a particularized harm is likely to occur if the discovery be had by the party seeking it).

With respect to their objections as to overbreadth, relevance, burden and harassment, your clients' fail to sustain their burden of demonstrating that the documents sought by these requests are outside the scope of Rule 26(b)(1).  Your clients have merely asserted boilerplate objections without specifying how the requests are deficient and without articulating the particular harm that would accrue if they were required to respond to them.  The objections are text-book examples of what federal courts have routinely deemed to be improper.  *See Redland Soccer Club, Inc. v. Department of the Army,* 55 F.3d 827, 856 (3d Cir.1995) (stating that the

Melissa Daugherty                                    DAPEER ROSENBLIT LITVAK LLP
Rita Kanno
LEWIS BRISBOIS BISGAARD AND SMITH LLP
October 14, 2019
Page 25 of 68

mere statement by a party that the interrogatory was overly broad, burdensome, oppressive and irrelevant is not adequate to voice a successful objection to an interrogatory and that instead, the party resisting discovery must show specifically how each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive); *see also McLeod, Alexander, Powel & Apffel, P.C. v. Quarles,* 894 F.2d 1482, 1485 (5th Cir.1990) (stating that "[w]e see no reason to distinguish the standards governing responses to interrogatories from those that govern responses to production requests.")

Even if your clients' objections complied with their obligations under Rule 26, they are still without merit.

The request is not overly broad as to time or scope.  It is expressly limited to a time period of less than four years and seek a specific category of documents, to wit, documents reflecting complaints made against people maintaining familial status.

These requests also seek documents patently relevant to and within the scope of the issues in this case.  Documents responsive to the requests would necessarily contain the information to enable Plaintiffs to identify who was complained about, and Plaintiffs could attempt to speak with these individuals to determine whether they experienced targeting and whether your clients acted to further such targeting in a concerted effort to rid the Resort of families with children.  This comparative evidence has been repeatedly deemed not only discoverable, but admissible.  *See, e.g., Old West End Ass'n v. Buckeye Federal Sav. & Loan,* 675 F.Supp. 1100, 1105 (N.D. Ohio 1987).  And, as established above, the testimony of past and present lessors and/or owners may be highly relevant in determining whether your clients engage in a pattern and practice of discrimination on the basis of familial status in operating their business. *See, e.g., Woods-Drake v. Lundy,* 667 F.2d 1198, 1202 n. 7 (5th Cir. 1982).

### Privacy

"Federal courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests." *A. Farber & Partners, Inc. v. Garber,* 234 F.R.D. 186, 191 (C.D.Cal.2006)). "Resolution of a privacy objection ... requires a balancing of the need for the information sought against the privacy right asserted." *Keith H. v. Long Beach Unified Sch. Dist.,* 228 F.R.D. 652, 657 (C.D. Cal 2005).

Your clients' objections to these requests fail to specifically identify what the privacy interest asserted is, so it is impossible to engage in any sort of balancing test.  The objections must be withdrawn on this basis alone.  Even if the objections were proper, though, there are numerous mechanisms by which the requested documents could be provided without unduly affecting the apparent privacy rights your clients are asserting.  For example, information your clients deem private could be redacted, and we could thereafter meet and confer regarding the extent of the redactions.  Or, your clients could designate the materials as "confidential" as provided for in the Parties' stipulated protective order, entered by the Court on May 28, 2019.

Melissa Daugherty
Rita Kanno
LEWIS BRISBOIS BISGAARD AND SMITH LLP
October 14, 2019
Page 26 of 68

DAPEER ROSENBLIT LITVAK LLP

At the very minimum, your clients are required to provide a privilege log identifying each and every document withheld and providing sufficient information to allow Plaintiffs to evaluate the claim of privacy. *See, e.g., Hampton v. City of San Diego*, 147 F.R.D. 227 (S.D. Cal. 1993).

In any event, as established above, courts routinely order the production of information identifying third party residents in cases such as this. See *Marable v. H. Walker & Assoc.*, 644 F.2d 390, 396 (5th Cir. 1981). Further, assuming your objection rests on the notion that the need to protect the names, address and telephone numbers of people who have resided at and/or currently reside at the Resort outweighs the need for Plaintiff to determine whether your clients have discriminated against these people, a balancing of the interests weighs decisively in favor of disclosure.

**Proportionality**

Like your clients' other objections, their proportionality objections are boilerplate and unsupported by any explanation or affidavit. On this basis alone, they are improper. They are also improper because your clients' opinion on the importance of this case and whether Plaintiffs were damages is irrelevant and not a basis upon which an objection can be made. Additionally, your clients' assertion that Plaintiffs have not sought mental treatment is pure speculation and also not a valid basis for objection. While our clients' special damages may not be significant, their general damages such as emotional distress have not been determined, nor have punitive damages and statutory penalties ($19,787 for a first violation up to $98,935 for more than two violations). But even absent any damages or penalties, *i.e.,* if Plaintiffs only sought equitable relief, your clients' objections still fail. This case seeks to vindicate our clients' fundamental rights to not be discriminated against because of their familial status. Assurance of fair housing practices is a legislatively declared policy of the United States. 42 U.S.C. 3601. Insofar as the goal of this lawsuit is furtherance of equal rights, this lawsuit presents a significantly more important issue than the vast majority of cases, even those with exorbitant damage claims.

**Assumes Facts**

Your clients' objections that this request "assumes facts" is also improper. For one, your clients' responses cite no authority for the proposition that a party is prohibited from assuming facts when propounding written discovery, and our office is aware of none. Secondly, even if Plaintiffs did "assume facts" in making these requests, any such assumption would not provide a valid basis upon which an objection could be made; no foundation need be laid for a written request for production of documents.

Melissa Daugherty
Rita Kanno
LEWIS BRISBOIS BISGAARD AND SMITH LLP
October 14, 2019
Page 27 of 68

DAPEER ROSENBLIT LITVAK LLP

## Attorney-Client Privilege / Attorney Work Product

It should be noted initially that FRCP 26(b)(5) requires:

> When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

Your clients' objections fail to satisfy the requirements of Rule 26(b)(5). Specifically, the boilerplate attorney-client privilege/attorney work product objections fail to identify the lawyers and/or others involved in the preparation of the documents, the people to whom the document was sent, and a description of the subject matter of the documents sufficient to enable Plaintiffs to assess the applicability of the claimed privilege. *See Miller v. Pancucci,* 141 F.R.D. 292, 302 (C.D.Cal.1992), stating that to properly claim attorney-client privilege, the claimant must specifically designate and describe the documents claimed to be within the scope of the privilege and to be reasonably precise in stating the reasons for preserving their confidentiality. As Plaintiffs are unable to evaluate your clients' claim of privilege and/or work product, the objections are improper and must be withdrawn. To the extent your clients maintain the objections, a privilege log must be provided.

## Legal Conclusion

This request clearly does not require your clients to make any legal conclusions. And, even if it did, the fact that a discovery request "calls for a legal conclusion is not grounds for an objection." *Thomas v. Cate,* 715 F.Supp.2d 1012 (E.D. Cal. 2010).

## Assertion that Your Clients Do Not Have Responsive Documents In Their Possession

Rule 34(a)(1) obligates your clients to produce not only those documents within their possession, but also those within their custody or control. Accordingly, your client's response that they do not have responsive documents in their possession is deficient. Additionally, insofar as your clients' do not state that no responsive documents exist, they are obligated to produce them.

Melissa Daugherty                                    DAPEER ROSENBLIT LITVAK LLP
Rita Kanno
LEWIS BRISBOIS BISGAARD AND SMITH LLP
October 14, 2019
Page 28 of 68

### Conclusion

Your clients must withdraw all of their objections and provide the documents demanded in Request No 13. Your clients must further provide a privilege log with sufficient information to enable Plaintiffs to evaluate your clients' claims of privacy and privilege as to any documents withheld.

### Request No. 14

We incorporate by reference all of the foregoing discussion as to why your clients' boilerplate objections to this request are improper and must be withdrawn. With that said, your clients agreed to produce all responsive documents in their possession in response to this request, but have failed to do so. The only documents produced (FAIRWAY 000059 – FAIRWAY 00061) are merely lists that reflect the completion dates of certain purported training. None of the training materials have been provided. Please produce all responsive documents forthwith.

Please also note that Rule 34(a)(1) obligates your clients to produce not only those documents within their possession, but also those within their custody or control. Accordingly, your clients' must amend their response to withdraw all of their objections and reflect that they are producing not only all documents in their possession, but also those in their custody or control.

### Request No. 15

We incorporate by reference all of the foregoing discussion as to why your clients' boilerplate objections to this request are improper and must be withdrawn.

Your clients agreed to produce all responsive documents in their possession in response to this request, but have failed to produce all of them. By way of example, your clients' website contains listings of currently available sites at the Resort, but no such listings have been produced. And, pursuant to the request, all such listings that appeared on your clients' webpage from January 1, 2015 to the present. Based on the dozens of listings that are currently on their webpage, we expect that hundreds of additional listings have been posted in the past four years, and none of them have been produced. And, this does not even take into account that your clients' limited production doesn't even contain all of the pages and subpages of their website in its current iteration. Accordingly, please produce all responsive documents forthwith.

Please also note that Rule 34(a)(1) obligates your clients to produce not only those documents within their possession, but also those within their custody or control. This would include documents that they can reasonably obtain from any servers, website hosting platforms, etc. Accordingly, your clients' must amend their response to withdraw all of their objections and reflect that they are producing not only all documents in their possession, but also those in their custody or control.

Melissa Daugherty
Rita Kanno
LEWIS BRISBOIS BISGAARD AND SMITH LLP
October 14, 2019
Page 29 of 68

DAPEER ROSENBLIT LITVAK LLP

## Request No. 16

This request seeks documents reflecting, describing or concerning any policy in effect at the Subject Property at any time from 2009 to the present that imposes conditions or restrictions on individuals with familial status or which subjects such individuals to different treatment. In response to this request, your clients objected that the request: (1) is overly broad; (2) seeks documents that are irrelevant; (3) is burdensome and harassing; (4) "assume facts;" (5) invade your client's employees and/or third parties' rights to privacy; (6) is not proportional to the needs of the case, (7) requires your clients to make legal conclusions; and, (8) seeks documents protected by the attorney-client privilege and/or attorney work product doctrine. Your clients further answered that they have no responsive documents in their possession. Your clients' responses and each of their objections are without merit.

### Objections

### Overbreadth, Relevance/Scope

The party resisting production bears the burden of establishing lack of relevancy or undue burden. *Oleson v. Kmart Corp.,* 175 F.R.D. 560, 565 (D.Kan.1997). The party must demonstrate "that the requested documents either do not come within the broad scope of relevance defined pursuant to Rule 26 or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure...." *Burke v. New York City Police Dept.,* 115 F.R.D. 220, 224 (S.D.N.Y.1987). Further, the "mere statement by a party that the interrogatory [or request for production] was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection." *Josephs v. Harris Corp.,* 677 F.2d 985, 992 (3d Cir. 1982); *see also Oleson,* 175 F.R.D. 560, 656 ("The litany of overly burdensome, oppressive, and irrelevant does not alone constitute a successful objection to a discovery request.") "On the contrary, the party resisting discovery 'must show specifically how ... each interrogatory [or request for production] is not relevant or how each question is overly broad, burdensome or oppressive.' " *Id.* at 992; *see also Oleson,* 175 F.R.D. 560, 565 ("The objecting party must show specifically how each discovery request is burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden."); *Cipollone v. Liggett Group, Inc.,* 785 F.2d 1108, 1121 (3d Cir.1986) (holding that it is not sufficient to merely state a generalized objection, but, rather, objecting party must demonstrate that a particularized harm is likely to occur if the discovery be had by the party seeking it).

With respect to their objections as to overbreadth, relevance, burden and harassment, your clients' fail to sustain their burden of demonstrating that the documents sought by these requests are outside the scope of Rule 26(b)(1). Your clients have merely asserted boilerplate objections without specifying how the requests are deficient and without articulating the particular harm that would accrue if they were required to respond to them. The objections are text-book examples of what federal courts have routinely deemed to be improper. *See Redland*

Melissa Daugherty
Rita Kanno
LEWIS BRISBOIS BISGAARD AND SMITH LLP
October 14, 2019
Page 30 of 68

DAPEER ROSENBLIT LITVAK LLP

*Soccer Club, Inc. v. Department of the Army,* 55 F.3d 827, 856 (3d Cir.1995) (stating that the mere statement by a party that the interrogatory was overly broad, burdensome, oppressive and irrelevant is not adequate to voice a successful objection to an interrogatory and that instead, the party resisting discovery must show specifically how each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive); *see also McLeod, Alexander, Powel & Apffel, P.C. v. Quarles,* 894 F.2d 1482, 1485 (5th Cir.1990) (stating that "[w]e see no reason to distinguish the standards governing responses to interrogatories from those that govern responses to production requests.")

Even if your clients' objections complied with their obligations under Rule 26, they are still without merit.

The request is not overly broad as to time or scope. The ten-year period specified in the request was based on Alia Chaib's (your former associate) affirmative statement that your clients have been informing the HOA for at least ten years that their policy against enrollment in school was illegal. Further, the scope of the request is limited insofar as it only seeks documents related to policies that impose restrictions on individuals maintaining familial status or which subjects such individuals to a policy different from the policies applicable to other residents.

These requests also seek documents patently relevant to and within the scope of the issues in this case. This case is about an illegal policy, either of your clients or which your clients communicated and/or enforced against Plaintiffs. It thus goes without saying that documents pertaining to that policy are relevant. Documents reflecting other such policies would also be relevant. They would constitute affirmative evidence that your clients engage in a pattern and practice of discrimination and would further be admissible to demonstrate your clients' intent in engaging in their unlawful conduct. Further, evidence of discriminatory intent may be either direct or circumstantial, and if more than one illegal policy existed, i.e., the age restrictions at the pool which the HOA changed in May 2019 after this lawsuit was filed, a jury could infer that your clients' intent in communicating the policy in this case was motivated by a discriminatory intent. See

### Privacy

"Federal courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests." *A. Farber & Partners, Inc. v. Garber,* 234 F.R.D. 186, 191 (C.D.Cal.2006)). "Resolution of a privacy objection ... requires a balancing of the need for the information sought against the privacy right asserted." *Keith H. v. Long Beach Unified Sch. Dist.,* 228 F.R.D. 652, 657 (C.D. Cal 2005).

Your clients' objections to these requests fail to specifically identify what the privacy interest asserted is, so it is impossible to engage in any sort of balancing test. The objections must be withdrawn on this basis alone. Even if the objections were proper, though, there are numerous mechanisms by which the requested documents could be provided without unduly

Melissa Daugherty
Rita Kanno
LEWIS BRISBOIS BISGAARD AND SMITH LLP
October 14, 2019
Page 32 of 68

DAPEER ROSENBLIT LITVAK LLP

### Attorney-Client Privilege / Attorney Work Product

It should be noted initially that FRCP 26(b)(5) requires:

> When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

Your clients' objections fail to satisfy the requirements of Rule 26(b)(5). Specifically, the boilerplate attorney-client privilege/attorney work product objections fail to identify the lawyers and/or others involved in the preparation of the documents, the people to whom the document was sent, and a description of the subject matter of the documents sufficient to enable Plaintiffs to assess the applicability of the claimed privilege. *See Miller v. Pancucci,* 141 F.R.D. 292, 302 (C.D.Cal.1992), stating that to properly claim attorney-client privilege, the claimant must specifically designate and describe the documents claimed to be within the scope of the privilege and to be reasonably precise in stating the reasons for preserving their confidentiality. As Plaintiffs are unable to evaluate your clients' claim of privilege and/or work product, the objections are improper and must be withdrawn. To the extent your clients maintain the objections, a privilege log must be provided.

### Legal Conclusion

This request clearly does not require your clients to make any legal conclusions. And, even if it did, the fact that a discovery request "calls for a legal conclusion is not grounds for an objection." *Thomas v. Cate,* 715 F.Supp.2d 1012 (E.D. Cal. 2010).

### Assertion that Your Clients Do Not Have Responsive Documents In Their Possession

Rule 34(a)(1) obligates your clients to produce not only those documents within their possession, but also those within their custody or control. Accordingly, your client's response that they do not have responsive documents in their possession is deficient. Additionally, insofar as your clients' do not state that no responsive documents exist, they are obligated to produce them.

Further, your clients' assertion that they do not have documents reflecting HOA policies is unbelievable. Your clients make a living by renting and/or selling properties at the Resort, and

Melissa Daugherty                                    DAPEER ROSENBLIT LITVAK LLP
Rita Kanno
LEWIS BRISBOIS BISGAARD AND SMITH LLP
October 14, 2019
Page 31 of 68

affecting the apparent privacy rights your clients are asserting. For example, information your clients deem private could be redacted, and we could thereafter meet and confer regarding the extent of the redactions. Or, your clients could designate the materials as "confidential" as provided for in the Parties' stipulated protective order, entered by the Court on May 28, 2019. At the very minimum, your clients are required to provide a privilege log identifying each and every document withheld and providing sufficient information to allow Plaintiffs to evaluate the claim of privacy. *See, e.g., Hampton v. City of San Diego,* 147 F.R.D. 227 (S.D. Cal. 1993).

In any event, this request clearly does not seek private information. It asks for documents reflecting general policies, which have nothing to do with private information about third parties or your clients' employees. The objection is objectively without merit.

### Proportionality

Like your clients' other objections, their proportionality objections are boilerplate and unsupported by any explanation or affidavit. On this basis alone, they are improper. They are also improper because your clients' opinion on the importance of this case and whether Plaintiffs were damages is irrelevant and not a basis upon which an objection can be made. Additionally, your clients' assertion that Plaintiffs have not sought mental treatment is pure speculation and also not a valid basis for objection. While our clients' special damages may not be significant, their general damages such as emotional distress have not been determined, nor have punitive damages and statutory penalties ($19,787 for a first violation up to $98,935 for more than two violations). But even absent any damages or penalties, *i.e.,* if Plaintiffs only sought equitable relief, your clients' objections still fail. This case seeks to vindicate our clients' fundamental rights to not be discriminated against because of their familial status. Assurance of fair housing practices is a legislatively declared policy of the United States. 42 U.S.C. 3601. Insofar as the goal of this lawsuit is furtherance of equal rights, this lawsuit presents a significantly more important issue than the vast majority of cases, even those with exorbitant damage claims.

### Assumes Facts

Your clients' objections that this request "assumes facts" is also improper. For one, your clients' responses cite no authority for the proposition that a party is prohibited from assuming facts when propounding written discovery, and our office is aware of none. Secondly, even if Plaintiffs did "assume facts" in making these requests, any such assumption would not provide a valid basis upon which an objection could be made; no foundation need be laid for a written request for production of documents.

Melissa Daugherty
Rita Kanno
LEWIS BRISBOIS BISGAARD AND SMITH LLP
October 14, 2019
Page 33 of 68

DAPEER ROSENBLIT LITVAK LLP

necessary would have all documents associated with those transactions, which would presumably include all documents reflecting the HOA and its policies, rules and regulations. In fact, your clients' own website publishes many of the HOA's policies.

### Conclusion

Your clients must withdraw all of their objections and provide the documents demanded in Request No 16. Your clients must further provide a privilege log with sufficient information to enable Plaintiffs to evaluate your clients' claims of privacy and privilege as to any documents withheld.

### Request No. 17

This request seeks documents that reflect any instance in which your clients relayed the Rule or any other policy affecting individuals under the age of 18 at the Subject Property. In response to this request, your clients objected that the request: (1) is overly broad; (2) seeks documents that are irrelevant; (3) is burdensome and harassing; (4) "assume facts;" (5) invade your client's employees and/or third parties' rights to privacy; (6) is not proportional to the needs

of the case, (7) requires your clients to make legal conclusions; and, (8) seeks documents protected by the attorney-client privilege and/or attorney work product doctrine. Your clients further answered that they have no responsive documents in their possession. Your clients' responses and each of their objections are without merit, as follows:

### Objections

#### Overbreadth, Relevance/Scope

The party resisting production bears the burden of establishing lack of relevancy or undue burden. *Oleson v. Kmart Corp.*, 175 F.R.D. 560, 565 (D.Kan.1997). The party must demonstrate "that the requested documents either do not come within the broad scope of relevance defined pursuant to Rule 26 or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure...." *Burke v. New York City Police Dept.*, 115 F.R.D. 220, 224 (S.D.N.Y.1987). Further, the "mere statement by a party that the interrogatory [or request for production] was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection." *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982); *see also Oleson*, 175 F.R.D. 560, 656 ("The litany of overly burdensome, oppressive, and irrelevant does not alone constitute a successful objection to a discovery request.") "On the contrary, the party resisting discovery 'must show specifically how ... each interrogatory [or request for production] is not relevant or how each question is overly broad, burdensome or oppressive.' " *Id.* at 992; *see also Oleson*, 175 F.R.D. 560, 565 ("The objecting party must show specifically how each discovery request is burdensome or oppressive by submitting affidavits or offering evidence

Melissa Daugherty
Rita Kanno
LEWIS BRISBOIS BISGAARD AND SMITH LLP
October 14, 2019
Page 34 of 68

DAPEER ROSENBLIT LITVAK LLP

revealing the nature of the burden."); *Cipollone v. Liggett Group, Inc.,* 785 F.2d 1108, 1121 (3d Cir.1986) (holding that it is not sufficient to merely state a generalized objection, but, rather, objecting party must demonstrate that a particularized harm is likely to occur if the discovery be had by the party seeking it).

With respect to their objections as to overbreadth, relevance, burden and harassment, your clients' fail to sustain their burden of demonstrating that the documents sought by these requests are outside the scope of Rule 26(b)(1). Your clients have merely asserted boilerplate objections without specifying how the requests are deficient and without articulating the particular harm that would accrue if they were required to respond to them. The objections are text-book examples of what federal courts have routinely deemed to be improper. *See Redland Soccer Club, Inc. v. Department of the Army,* 55 F.3d 827, 856 (3d Cir.1995) (stating that the mere statement by a party that the interrogatory was overly broad, burdensome, oppressive and irrelevant is not adequate to voice a successful objection to an interrogatory and that instead, the party resisting discovery must show specifically how each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive); *see also McLeod, Alexander, Powel & Apffel, P.C. v. Quarles,* 894 F.2d 1482, 1485 (5th Cir.1990) (stating that "[w]e see no reason to distinguish the standards governing responses to interrogatories from those that govern responses to production requests.")

Even if your clients' objections complied with their obligations under Rule 26, they are still without merit.

The request is not overly broad as to time or scope. The ten-year period specified in the request was based on Alia Chaib's affirmative statement that your clients have been informing the HOA for at least ten years that their policy against enrollment in school was illegal. Further, the scope of the request is limited insofar as it only seeks documents related to policies that impose restrictions on individuals maintaining familial status or which subjects such individuals to a policy different from the policies application to other residents.

These requests also seek documents patently relevant to and within the scope of the issues in this case. This case is about an illegal policy, either of your clients or which your clients communicated and/or enforced against Plaintiffs. It thus goes without saying that documents pertaining to instances in which your clients have communicated that policy are relevant. Documents reflecting other such policies would also be relevant. They would constitute affirmative evidence that your clients engage in a pattern and practice of discrimination and would further be admissible to demonstrate your clients' intent in engaging in their unlawful conduct.

Melissa Daugherty
Rita Kanno
LEWIS BRISBOIS BISGAARD AND SMITH LLP
October 14, 2019
Page 35 of 68

DAPEER ROSENBLIT LITVAK LLP

### Privacy

"Federal courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests." *A. Farber & Partners, Inc. v. Garber,* 234 F.R.D. 186, 191 (C.D.Cal.2006)). "Resolution of a privacy objection ... requires a balancing of the need for the information sought against the privacy right asserted." *Keith H. v. Long Beach Unified Sch. Dist.,* 228 F.R.D. 652, 657 (C.D. Cal 2005).

Your clients' objections to these requests fail to specifically identify what the privacy interest asserted is, so it is impossible to engage in any sort of balancing test. The objections must be withdrawn on this basis alone. Even if the objections were proper, though, there are numerous mechanisms by which the requested documents could be provided without unduly affecting the apparent privacy rights your clients are asserting. For example, information your clients deem private could be redacted, and we could thereafter meet and confer regarding the

extent of the redactions. Or, your clients could designate the materials as "confidential" as provided for in the Parties' stipulated protective order, entered by the Court on May 28, 2019. At the very minimum, your clients are required to provide a privilege log identifying each and every document withheld and providing sufficient information to allow Plaintiffs to evaluate the claim of privacy. *See, e.g., Hampton v. City of San Diego,* 147 F.R.D. 227 (S.D. Cal. 1993).

In any event, as established above, courts routinely order the production of information identifying third party residents in cases such as this. See *Marable v. H. Walker & Assoc.,* 644 F.2d 390, 396 (5th Cir. 1981).

### Proportionality

Like your clients' other objections, their proportionality objections are boilerplate and unsupported by any explanation or affidavit. On this basis alone, they are improper. They are also improper because your clients' opinion on the importance of this case and whether Plaintiffs were damages is irrelevant and not a basis upon which an objection can be made. Additionally, your clients' assertion that Plaintiffs have not sought mental treatment is pure speculation and also not a valid basis for objection. While our clients' special damages may not be significant, their general damages such as emotional distress have not been determined, nor have punitive damages and statutory penalties ($19,787 for a first violation up to $98,935 for more than two violations). But even absent any damages or penalties, *i.e.,* if Plaintiffs only sought equitable relief, your clients' objections still fail. This case seeks to vindicate our clients' fundamental rights to not be discriminated against because of their familial status. Assurance of fair housing practices is a legislatively declared policy of the United States. 42 U.S.C. 3601. Insofar as the goal of this lawsuit is furtherance of equal rights, this lawsuit presents a significantly more important issue than the vast majority of cases, even those with exorbitant damage claims.

Melissa Daugherty
Rita Kanno
LEWIS BRISBOIS BISGAARD AND SMITH LLP
October 14, 2019
Page 36 of 68

DAPEER ROSENBLIT LITVAK LLP

### Assumes Facts

Your clients' objections that this request "assumes facts" is also improper. For one, your clients' responses cite no authority for the proposition that a party is prohibited from assuming facts when propounding written discovery, and our office is aware of none. Secondly, even if Plaintiffs did "assume facts" in making these requests, any such assumption would not provide a valid basis upon which an objection could be made; no foundation need be laid for a written request for production of documents.

### Attorney-Client Privilege / Attorney Work Product

It should be noted initially that FRCP 26(b)(5) requires:

> When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

Your clients' objections fail to satisfy the requirements of Rule 26(b)(5). Specifically, the boilerplate attorney-client privilege/attorney work product objections fail to identify the lawyers and/or others involved in the preparation of the documents, the people to whom the document was sent, and a description of the subject matter of the documents sufficient to enable Plaintiffs to assess the applicability of the claimed privilege. *See Miller v. Pancucci*, 141 F.R.D. 292, 302 (C.D.Cal.1992), stating that to properly claim attorney-client privilege, the claimant must specifically designate and describe the documents claimed to be within the scope of the privilege and to be reasonably precise in stating the reasons for preserving their confidentiality. As Plaintiffs are unable to evaluate your clients' claim of privilege and/or work product, the objections are improper and must be withdrawn. To the extent your clients maintain the objections, a privilege log must be provided.

### Legal Conclusion

This request clearly does not require your clients to make any legal conclusions. And, even if it did, the fact that a discovery request "calls for a legal conclusion is not grounds for an objection." *Thomas v. Cate*, 715 F.Supp.2d 1012 (E.D. Cal. 2010).

Melissa Daugherty                                                    DAPEER ROSENBLIT LITVAK LLP
Rita Kanno
LEWIS BRISBOIS BISGAARD AND SMITH LLP
October 14, 2019
Page 37 of 68

### Assertion that Your Clients Do Not Have Additional Responsive Documents In Their Possession

Rule 34(a)(1) obligates your clients to produce not only those documents within their possession, but also those within their custody or control. Accordingly, your client's response that they have already produce all responsive documents in their possession is deficient. Further, your clients' assertion that no additional documents exist is unbelievable. Ms. Chaib stated that your clients' have stated to the HOA for at least ten years that the policy against enrollment in school is illegal. It is thus not unreasonable to believe that documents reflecting instances wherein the policy has been relayed to others (even HOA members) over the past ten years exist.

### Conclusion

Based upon the foregoing, your clients must withdraw all of their objections and provide the documents demanded in Request No 17. Your clients must further provide a privilege log with sufficient information to enable Plaintiffs to evaluate your clients' claims of privacy and privilege as to any documents withheld.

### Request No. 18

This request seeks documents that reflect any instance in which your clients communicated to any person that the Rule may violate fair housing laws. In response to this request, your clients objected that the request: (1) is overly broad; (2) seeks documents that are irrelevant; (3) is burdensome and harassing; (4) "assume facts;" (5) invade your client's

employees and/or third parties' rights to privacy; (6) is not proportional to the needs of the case, (7) requires your clients to make legal conclusions; and, (8) seeks documents protected by the attorney-client privilege and/or attorney work product doctrine. Your clients concluded by refusing to respond because the request apparently calls for a legal conclusion.

### Objections

### Overbreadth, Relevance/Scope

The party resisting production bears the burden of establishing lack of relevancy or undue burden. *Oleson v. Kmart Corp.*, 175 F.R.D. 560, 565 (D.Kan.1997). The party must demonstrate "that the requested documents either do not come within the broad scope of relevance defined pursuant to Rule 26 or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure...." *Burke v. New York City Police Dept.*, 115 F.R.D. 220, 224 (S.D.N.Y.1987). Further, the "mere statement by a party that the interrogatory [or request for production] was

Melissa Daugherty
Rita Kanno
LEWIS BRISBOIS BISGAARD AND SMITH LLP
October 14, 2019
Page 38 of 68

DAPEER ROSENBLIT LITVAK LLP

'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection." *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982); *see also Oleson*, 175 F.R.D. 560, 656 ("The litany of overly burdensome, oppressive, and irrelevant does not alone constitute a successful objection to a discovery request.") "On the contrary, the party resisting discovery 'must show specifically how … each interrogatory [or request for production] is not relevant or how each question is overly broad, burdensome or oppressive.' " *Id.* at 992; *see also Oleson*, 175 F.R.D. 560, 565 ("The objecting party must show specifically how each discovery request is burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden."); *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir.1986) (holding that it is not sufficient to merely state a generalized objection, but, rather, objecting party must demonstrate that a particularized harm is likely to occur if the discovery be had by the party seeking it).

With respect to their objections as to overbreadth, relevance, burden and harassment, your clients' fail to sustain their burden of demonstrating that the documents sought by these requests are outside the scope of Rule 26(b)(1). Your clients have merely asserted boilerplate objections without specifying how the requests are deficient and without articulating the particular harm that would accrue if they were required to respond to them. The objections are text-book examples of what federal courts have routinely deemed to be improper. *See Redland Soccer Club, Inc. v. Department of the Army*, 55 F.3d 827, 856 (3d Cir.1995) (stating that the mere statement by a party that the interrogatory was overly broad, burdensome, oppressive and irrelevant is not adequate to voice a successful objection to an interrogatory and that instead, the party resisting discovery must show specifically how each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive); *see also McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir.1990) (stating that "[w]e see no reason to distinguish the standards governing responses to interrogatories from those that govern responses to production requests.")

Even if your clients' objections complied with their obligations under Rule 26, they are still without merit.

The request is not overly broad as to time or scope. The ten-year period specified in the request was based on Alia Chaib's affirmative statement that your clients have been informing the HOA for at least ten years that their policy against enrollment in school was illegal. Further, the scope of the request is limited insofar as it only seeks documents related to specific instances in which your clients opined about a single policy.

These requests also seek documents patently relevant to and within the scope of the issues in this case. This case is about an illegal policy, which your clients have admitted in an email they believe is illegal. The email further reflects that they informed individuals affiliated with the HOA that the policy is illegal on numerous occasions. Documents reflecting these instances are directly relevant and all admissible to demonstrate that your clients were aware that their communication was illegal at the time they made it.

Melissa Daugherty                                    DAPEER ROSENBLIT LITVAK LLP
Rita Kanno
LEWIS BRISBOIS BISGAARD AND SMITH LLP
October 14, 2019
Page 39 of 68

### Privacy

"Federal courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests." *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 191 (C.D.Cal.2006)). "Resolution of a privacy objection ... requires a balancing of the need for the information sought against the privacy right asserted." *Keith H. v. Long Beach Unified Sch. Dist.*, 228 F.R.D. 652, 657 (C.D. Cal 2005).

Your clients' objections to these requests fail to specifically identify what the privacy interest asserted is, so it is impossible to engage in any sort of balancing test. The objections must be withdrawn on this basis alone. Even if the objections were proper, though, there are numerous mechanisms by which the requested documents could be provided without unduly affecting the apparent privacy rights your clients are asserting. For example, information your clients deem private could be redacted, and we could thereafter meet and confer regarding the extent of the redactions. Or, your clients could designate the materials as "confidential" as provided for in the Parties' stipulated protective order, entered by the Court on May 28, 2019. At the very minimum, your clients are required to provide a privilege log identifying each and every document withheld and providing sufficient information to allow Plaintiffs to evaluate the claim of privacy. *See, e.g., Hampton v. City of San Diego*, 147 F.R.D. 227 (S.D. Cal. 1993).

### Proportionality

Like your clients' other objections, their proportionality objections are boilerplate and unsupported by any explanation or affidavit. On this basis alone, they are improper. They are also improper because your clients' opinion on the importance of this case and whether Plaintiffs were damages is irrelevant and not a basis upon which an objection can be made. Additionally, your clients' assertion that Plaintiffs have not sought mental treatment is pure speculation and also not a valid basis for objection. While our clients' special damages may not be significant, their general damages such as emotional distress have not been determined, nor have punitive damages and statutory penalties ($19,787 for a first violation up to $98,935 for more than two violations). But even absent any damages or penalties, *i.e.*, if Plaintiffs only sought equitable relief, your clients' objections still fail. This case seeks to vindicate our clients' fundamental rights to not be discriminated against because of their familial status. Assurance of fair housing practices is a legislatively declared policy of the United States. 42 U.S.C. 3601. Insofar as the goal of this lawsuit is furtherance of equal rights, this lawsuit presents a significantly more important issue than the vast majority of cases, even those with exorbitant damage claims.

### Assumes Facts

Your clients' objections that this request "assumes facts" is also improper. For one, your clients' responses cite no authority for the proposition that a party is prohibited from assuming facts when propounding written discovery, and our office is aware of none. Secondly, even if Plaintiffs did "assume facts" in making these requests, any such assumption would not provide a

Melissa Daugherty
Rita Kanno
LEWIS BRISBOIS BISGAARD AND SMITH LLP
October 14, 2019
Page 40 of 68

DAPEER ROSENBLIT LITVAK LLP

valid basis upon which an objection could be made; no foundation need be laid for a written request for production of documents.

### Attorney-Client Privilege / Attorney Work Product

It should be noted initially that FRCP 26(b)(5) requires:

> When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

Your clients' objections fail to satisfy the requirements of Rule 26(b)(5). Specifically, the boilerplate attorney-client privilege/attorney work product objections fail to identify the lawyers and/or others involved in the preparation of the documents, the people to whom the document was sent, and a description of the subject matter of the documents sufficient to enable

Plaintiffs to assess the applicability of the claimed privilege. *See Miller v. Pancucci*, 141 F.R.D. 292, 302 (C.D.Cal.1992), stating that to properly claim attorney-client privilege, the claimant must specifically designate and describe the documents claimed to be within the scope of the privilege and to be reasonably precise in stating the reasons for preserving their confidentiality. As Plaintiffs are unable to evaluate your clients' claim of privilege and/or work product, the objections are improper and must be withdrawn. To the extent your clients maintain the objections, a privilege log must be provided.

### Legal Conclusion

The fact that a discovery request "calls for a legal conclusion is not grounds for an objection." *Thomas v. Cate*, 715 F.Supp.2d 1012 (E.D. Cal. 2010). Accordingly, your clients' stated basis for their refusal to respond is unavailing.

Further, this request does not even call for your clients to make a legal conclusion. It merely seeks documents reflecting legal conclusions they have made in the past.

### Conclusion

Your clients must withdraw all of their objections and provide the documents demanded in Request No 18. Your clients must further provide a privilege log with sufficient information

Melissa Daugherty                                    DAPEER ROSENBLIT LITVAK LLP
Rita Kanno
LEWIS BRISBOIS BISGAARD AND SMITH LLP
October 14, 2019
Page 41 of 68

to enable Plaintiffs to evaluate your clients' claims of privacy and privilege as to any documents withheld.

## Request No. 19

We incorporate by reference all of the foregoing discussion as to why your clients' boilerplate objections to this request are improper and must be withdrawn. Please also note that Rule 34(a)(1) obligates your clients to produce not only those documents within their possession, but also those within their custody or control. Accordingly, your clients' must amend their response to withdraw all of their objections and reflect that they are producing not only all documents in their possession, but also those in their custody or control.

## Request No. 20

This request seeks documents that reflect your clients' business relationship. In response to this request, your clients objected that the request: (1) is overly broad; (2) seeks documents that are irrelevant; (3) is burdensome and harassing; (4) "assume facts;" (5) invade your client's employees and/or third parties' rights to privacy; (6) is not proportional to the needs of the case, (7) requires your clients to make legal conclusions; and, (8) seeks documents protected by the attorney-client privilege and/or attorney work product doctrine. Your clients thereafter refused to respond.

### Objections

### Overbreadth, Relevance/Scope

The party resisting production bears the burden of establishing lack of relevancy or undue burden. *Oleson v. Kmart Corp.*, 175 F.R.D. 560, 565 (D.Kan.1997). The party must demonstrate "that the requested documents either do not come within the broad scope of relevance defined pursuant to Rule 26 or else are of such marginal relevance that the potential

harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure...." *Burke v. New York City Police Dept.*, 115 F.R.D. 220, 224 (S.D.N.Y.1987). Further, the "mere statement by a party that the interrogatory [or request for production] was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection." *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982); *see also Oleson*, 175 F.R.D. 560, 656 ("The litany of overly burdensome, oppressive, and irrelevant does not alone constitute a successful objection to a discovery request.") "On the contrary, the party resisting discovery 'must show specifically how ... each interrogatory [or request for production] is not relevant or how each question is overly broad, burdensome or oppressive.' " *Id.* at 992; *see also Oleson*, 175 F.R.D. 560, 565 ("The objecting party must show specifically how each discovery request is burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden."); *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d

Melissa Daugherty
Rita Kanno
LEWIS BRISBOIS BISGAARD AND SMITH LLP
October 14, 2019
Page 42 of 68

DAPEER ROSENBLIT LITVAK LLP

Cir.1986) (holding that it is not sufficient to merely state a generalized objection, but, rather, objecting party must demonstrate that a particularized harm is likely to occur if the discovery be had by the party seeking it).

With respect to their objections as to overbreadth, relevance, burden and harassment, your clients' fail to sustain their burden of demonstrating that the documents sought by these requests are outside the scope of Rule 26(b)(1). Your clients have merely asserted boilerplate objections without specifying how the requests are deficient and without articulating the particular harm that would accrue if they were required to respond to them. The objections are text-book examples of what federal courts have routinely deemed to be improper. *See Redland Soccer Club, Inc. v. Department of the Army*, 55 F.3d 827, 856 (3d Cir.1995) (stating that the mere statement by a party that the interrogatory was overly broad, burdensome, oppressive and irrelevant is not adequate to voice a successful objection to an interrogatory and that instead, the party resisting discovery must show specifically how each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive); *see also McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir.1990) (stating that "[w]e see no reason to distinguish the standards governing responses to interrogatories from those that govern responses to production requests.")

Even if your clients' objections complied with their obligations under Rule 26, they are still without merit.

The request is not overly broad as to time or scope. The four-year period specified in the request is objectively reasonable and limited. Further, the scope of the request is limited insofar as it only seeks documents that reflect the business relationship between your clients, and nothing more.

These requests also seek documents patently relevant to and within the scope of the issues in this case. These documents would be discoverable, and even admissible, as they would enable Plaintiffs to establish the joint venture relationship between your clients upon which Ms. Baca was named as a defendant in this action.

<u>Privacy</u>

"Federal courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests." *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 191 (C.D.Cal.2006)). "Resolution of a privacy objection ... requires a balancing of the need for the information sought against the privacy right asserted." *Keith H. v. Long Beach Unified Sch. Dist.*, 228 F.R.D. 652, 657 (C.D. Cal 2005).

Your clients' objections to these requests fail to specifically identify what the privacy interest asserted is, so it is impossible to engage in any sort of balancing test. The objections must be withdrawn on this basis alone. Even if the objections were proper, though, there are

Melissa Daugherty
Rita Kanno
LEWIS BRISBOIS BISGAARD AND SMITH LLP
October 14, 2019
Page 43 of 68

DAPEER ROSENBLIT LITVAK LLP

numerous mechanisms by which the requested documents could be provided without unduly affecting the apparent privacy rights your clients are asserting. For example, information your clients deem private could be redacted, and we could thereafter meet and confer regarding the extent of the redactions. Or, your clients could designate the materials as "confidential" as provided for in the Parties' stipulated protective order, entered by the Court on May 28, 2019. At the very minimum, your clients are required to provide a privilege log identifying each and every document withheld and providing sufficient information to allow Plaintiffs to evaluate the claim of privacy. *See, e.g., Hampton v. City of San Diego,* 147 F.R.D. 227 (S.D. Cal. 1993).

Further, there is nothing private about the documents sought. Your clients openly advertise that they have a business relationship on their website.

### Proportionality

Like your clients' other objections, their proportionality objections are boilerplate and unsupported by any explanation or affidavit. On this basis alone, they are improper. They are also improper because your clients' opinion on the importance of this case and whether Plaintiffs were damages is irrelevant and not a basis upon which an objection can be made. Additionally, your clients' assertion that Plaintiffs have not sought mental treatment is pure speculation and also not a valid basis for objection. While our clients' special damages may not be significant, their general damages such as emotional distress have not been determined, nor have punitive damages and statutory penalties ($19,787 for a first violation up to $98,935 for more than two

violations). But even absent any damages or penalties, *i.e.,* if Plaintiffs only sought equitable relief, your clients' objections still fail. This case seeks to vindicate our clients' fundamental rights to not be discriminated against because of their familial status. Assurance of fair housing practices is a legislatively declared policy of the United States. 42 U.S.C. 3601. Insofar as the goal of this lawsuit is furtherance of equal rights, this lawsuit presents a significantly more important issue than the vast majority of cases, even those with exorbitant damage claims.

### Assumes Facts

Your clients' objections that this request "assumes facts" is also improper. For one, your clients' responses cite no authority for the proposition that a party is prohibited from assuming facts when propounding written discovery, and our office is aware of none. Secondly, even if Plaintiffs did "assume facts" in making these requests, any such assumption would not provide a valid basis upon which an objection could be made; no foundation need be laid for a written request for production of documents.

Melissa Daugherty
Rita Kanno
LEWIS BRISBOIS BISGAARD AND SMITH LLP
October 14, 2019
Page 44 of 68

DAPEER ROSENBLIT LITVAK LLP

### Attorney-Client Privilege / Attorney Work Product

It should be noted initially that FRCP 26(b)(5) requires:

> When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

Your clients' objections fail to satisfy the requirements of Rule 26(b)(5). Specifically, the boilerplate attorney-client privilege/attorney work product objections fail to identify the lawyers and/or others involved in the preparation of the documents, the people to whom the document was sent, and a description of the subject matter of the documents sufficient to enable Plaintiffs to assess the applicability of the claimed privilege. *See Miller v. Pancucci*, 141 F.R.D. 292, 302 (C.D.Cal.1992), stating that to properly claim attorney-client privilege, the claimant must specifically designate and describe the documents claimed to be within the scope of the privilege and to be reasonably precise in stating the reasons for preserving their confidentiality. As Plaintiffs are unable to evaluate your clients' claim of privilege and/or work product, the objections are improper and must be withdrawn. To the extent your clients maintain the objections, a privilege log must be provided.

### Legal Conclusion

This request clearly does not call for a legal conclusion. But even if it did, the fact that a discovery request "calls for a legal conclusion is not grounds for an objection." *Thomas v. Cate*, 715 F.Supp.2d 1012 (E.D. Cal. 2010).

### Conclusion

Your clients must withdraw all of their objections and provide the documents demanded in Request No 20. Your clients must further provide a privilege log with sufficient information to enable Plaintiffs to evaluate your clients' claims of privacy and privilege as to any documents withheld.

### Request No. 21

This request seeks documents that reflect the business relationship between your clients and the HOA. In response to this request, your clients objected that the request: (1) is overly broad; (2) seeks documents that are irrelevant; (3) is burdensome and harassing; (4) "assume

Melissa Daugherty
Rita Kanno                                    DAPEER ROSENBLIT LITVAK LLP
LEWIS BRISBOIS BISGAARD AND SMITH LLP
October 14, 2019
Page 45 of 68

facts;" (5) invade your client's employees and/or third parties' rights to privacy; (6) is not proportional to the needs of the case, (7) requires your clients to make legal conclusions; and, (8) seeks documents protected by the attorney-client privilege and/or attorney work product doctrine. Your clients then stated that they had no documents in their possession responsive to the request.

### Objections

#### Overbreadth, Relevance/Scope

The party resisting production bears the burden of establishing lack of relevancy or undue burden. *Oleson v. Kmart Corp.,* 175 F.R.D. 560, 565 (D.Kan.1997). The party must demonstrate "that the requested documents either do not come within the broad scope of relevance defined pursuant to Rule 26 or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure…." *Burke v. New York City Police Dept.,* 115 F.R.D. 220, 224 (S.D.N.Y.1987). Further, the "mere statement by a party that the interrogatory [or request for production] was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection." *Josephs v. Harris Corp.,* 677 F.2d 985, 992 (3d Cir. 1982); *see also Oleson,* 175 F.R.D. 560, 656 ("The litany of overly burdensome, oppressive, and irrelevant does not alone constitute a successful objection to a discovery request.") "On the contrary, the party resisting discovery 'must show specifically how … each interrogatory [or request for production] is not relevant or how each question is overly broad, burdensome or oppressive.' " *Id.* at 992; *see also Oleson,* 175 F.R.D. 560, 565 ("The objecting party must show specifically how each discovery request is burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden."); *Cipollone v. Liggett Group, Inc.,* 785 F.2d 1108, 1121 (3d Cir.1986) (holding that it is not sufficient to merely state a generalized objection, but, rather, objecting party must demonstrate that a particularized harm is likely to occur if the discovery be had by the party seeking it).

With respect to their objections as to overbreadth, relevance, burden and harassment, your clients' fail to sustain their burden of demonstrating that the documents sought by these requests are outside the scope of Rule 26(b)(1). Your clients have merely asserted boilerplate objections without specifying how the requests are deficient and without articulating the particular harm that would accrue if they were required to respond to them. The objections are text-book examples of what federal courts have routinely deemed to be improper. *See Redland Soccer Club, Inc. v. Department of the Army,* 55 F.3d 827, 856 (3d Cir.1995) (stating that the mere statement by a party that the interrogatory was overly broad, burdensome, oppressive and irrelevant is not adequate to voice a successful objection to an interrogatory and that instead, the party resisting discovery must show specifically how each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive); *see also McLeod, Alexander, Powel & Apffel, P.C. v. Quarles,* 894 F.2d 1482, 1485 (5th Cir.1990) (stating that "[w]e see no reason to

Melissa Daugherty                                                    DAPEER ROSENBLIT LITVAK LLP
Rita Kanno
LEWIS BRISBOIS BISGAARD AND SMITH LLP
October 14, 2019
Page 46 of 68

distinguish the standards governing responses to interrogatories from those that govern responses to production requests.")

Even if your clients' objections complied with their obligations under Rule 26, they are still without merit.

The request is not overly broad as to time or scope. The four-year period specified in the request is objectively reasonable and limited. Further, the scope of the request is limited insofar as it only seeks documents that reflect the business relationship between your clients and the HOA, and nothing more.

These requests also seek documents patently relevant to and within the scope of the issues in this case. These documents would be discoverable, and even admissible, as they would enable Plaintiffs to establish an agency relationship between your clients and the HOA. It is well established that the FHA and FEHA provide for vicarious liability. A housing discrimination claim is, in effect, a tort action, and ordinary tort-related vicarious liability applies. *See, Meyer v. Holley*, 537 U.S. 280 (2003). Thus, owners, management companies, and other entities or persons who hire employees, managers, or brokers to sell or operate their housing accommodations may be held vicariously liable for discriminatory housing practices committed by those agents in the course and scope of their authority. *Cal. Fair Housing and Public Accommodations* (The Rutter Group 2018) § 4:16.

### Privacy

"Federal courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests." *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 191 (C.D.Cal.2006)). "Resolution of a privacy objection ... requires a balancing of the need for the information sought against the privacy right asserted." *Keith H. v. Long Beach Unified Sch. Dist.*, 228 F.R.D. 652, 657 (C.D. Cal 2005).

Your clients' objections to these requests fail to specifically identify what the privacy interest asserted is, so it is impossible to engage in any sort of balancing test. The objections must be withdrawn on this basis alone. Even if the objections were proper, though, there are numerous mechanisms by which the requested documents could be provided without unduly affecting the apparent privacy rights your clients are asserting. For example, information your clients deem private could be redacted, and we could thereafter meet and confer regarding the extent of the redactions. Or, your clients could designate the materials as "confidential" as provided for in the Parties' stipulated protective order, entered by the Court on May 28, 2019. At the very minimum, your clients are required to provide a privilege log identifying each and every document withheld and providing sufficient information to allow Plaintiffs to evaluate the claim of privacy. *See, e.g., Hampton v. City of San Diego*, 147 F.R.D. 227 (S.D. Cal. 1993).

Melissa Daugherty
Rita Kanno
LEWIS BRISBOIS BISGAARD AND SMITH LLP
October 14, 2019
Page 47 of 68

DAPEER ROSENBLIT LITVAK LLP

Further, there is nothing private about the documents sought. The documents sought deal with a relationship between two businesses/legal entities; not any relationship involving individuals that would bear on private information.

### Proportionality

Like your clients' other objections, their proportionality objections are boilerplate and unsupported by any explanation or affidavit. On this basis alone, they are improper. They are also improper because your clients' opinion on the importance of this case and whether Plaintiffs were damages is irrelevant and not a basis upon which an objection can be made. Additionally, your clients' assertion that Plaintiffs have not sought mental treatment is pure speculation and also not a valid basis for objection. While our clients' special damages may not be significant, their general damages such as emotional distress have not been determined, nor have punitive damages and statutory penalties ($19,787 for a first violation up to $98,935 for more than two violations). But even absent any damages or penalties, *i.e.,* if Plaintiffs only sought equitable relief, your clients' objections still fail. This case seeks to vindicate our clients' fundamental rights to not be discriminated against because of their familial status. Assurance of fair housing practices is a legislatively declared policy of the United States. 42 U.S.C. 3601. Insofar as the goal of this lawsuit is furtherance of equal rights, this lawsuit presents a significantly more important issue than the vast majority of cases, even those with exorbitant damage claims.

### Assumes Facts

Your clients' objections that this request "assumes facts" is also improper. For one, your clients' responses cite no authority for the proposition that a party is prohibited from assuming facts when propounding written discovery, and our office is aware of none. Secondly, even if Plaintiffs did "assume facts" in making these requests, any such assumption would not provide a valid basis upon which an objection could be made; no foundation need be laid for a written request for production of documents.

### Attorney-Client Privilege / Attorney Work Product

It should be noted initially that FRCP 26(b)(5) requires:

> When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

Melissa Daugherty                                   DAPEER ROSENBLIT LITVAK LLP
Rita Kanno
LEWIS BRISBOIS BISGAARD AND SMITH LLP
October 14, 2019
Page 48 of 68

Your clients' objections fail to satisfy the requirements of Rule 26(b)(5). Specifically, the boilerplate attorney-client privilege/attorney work product objections fail to identify the lawyers and/or others involved in the preparation of the documents, the people to whom the document was sent, and a description of the subject matter of the documents sufficient to enable Plaintiffs to assess the applicability of the claimed privilege. *See Miller v. Panacci,* 141 F.R.D. 292, 302 (C.D.Cal.1992), stating that to properly claim attorney-client privilege, the claimant must specifically designate and describe the documents claimed to be within the scope of the privilege and to be reasonably precise in stating the reasons for preserving their confidentiality. As Plaintiffs are unable to evaluate your clients' claim of privilege and/or work product, the objections are improper and must be withdrawn. To the extent your clients maintain the objections, a privilege log must be provided.

### Legal Conclusion

The fact that a discovery request "calls for a legal conclusion is not grounds for an objection." *Thomas v. Cate,* 715 F.Supp.2d 1012 (E.D. Cal. 2010). Accordingly, your clients' stated basis for their refusal to respond is unavailing. In any event, this request clearly does not call for a legal conclusion.

### Assertion that Your Clients Do Not Have Responsive Documents In Their Possession.

Your clients' assertion that they do not have responsive documents in their possession is unbelievable. The documents produced thus far in this case reflect an ongoing relationship of some type between your clients and the HOA, which is especially likely given that it appears your clients do not engage in real estate transactions except those at the Resort. The HOA and your clients also apparently regularly correspond. Further, your clients actually occupy a space at the Resort, which at a minimum would be documented in a writing that your clients have failed to produce.

### Conclusion

Your clients must withdraw all of their objections and provide the documents demanded in Request No 21. Your clients must further provide a privilege log with sufficient information to enable Plaintiffs to evaluate your clients' claims of privacy and privilege as to any documents withheld.

### Request No. 22

This request seeks documents that reflect the business relationship between your clients and Desert Resort Management. In response to this request, your clients objected that the request: (1) is overly broad; (2) seeks documents that are irrelevant; (3) is burdensome and harassing; (4) "assume facts;" (5) invade your client's employees and/or third parties' rights to

Melissa Daugherty
Rita Kanno
LEWIS BRISBOIS BISGAARD AND SMITH LLP
October 14, 2019
Page 49 of 68

DAPEER ROSENBLIT LITVAK LLP

privacy; (6) is not proportional to the needs of the case, (7) requires your clients to make legal conclusions; and, (8) seeks documents protected by the attorney-client privilege and/or attorney work product doctrine.  Your clients then stated they had no documents in their possession responsive to the request.

### Objections

#### Overbreadth, Relevance/Scope

The party resisting production bears the burden of establishing lack of relevancy or undue burden.  *Oleson v. Kmart Corp.,* 175 F.R.D. 560, 565 (D.Kan.1997).  The party must demonstrate "that the requested documents either do not come within the broad scope of relevance defined pursuant to Rule 26 or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure...."  *Burke v. New York City Police Dept.,* 115 F.R.D. 220, 224 (S.D.N.Y.1987). Further, the "mere statement by a party that the interrogatory [or request for production] was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection." *Josephs v. Harris Corp.,* 677 F.2d 985, 992 (3d Cir. 1982); *see also Oleson,* 175 F.R.D. 560, 656 ("The litany of overly burdensome, oppressive, and irrelevant does not alone

constitute a successful objection to a discovery request.")  "On the contrary, the party resisting discovery 'must show specifically how ... each interrogatory [or request for production] is not relevant or how each question is overly broad, burdensome or oppressive.' " *Id.* at 992; *see also Oleson,* 175 F.R.D. 560, 565 ("The objecting party must show specifically how each discovery request is burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden."); *Cipollone v. Liggett Group, Inc.,* 785 F.2d 1108, 1121 (3d Cir.1986) (holding that it is not sufficient to merely state a generalized objection, but, rather, objecting party must demonstrate that a particularized harm is likely to occur if the discovery be had by the party seeking it).

With respect to their objections as to overbreadth, relevance, burden and harassment, your clients' fail to sustain their burden of demonstrating that the documents sought by these requests are outside the scope of Rule 26(b)(1).  Your clients have merely asserted boilerplate objections without specifying how the requests are deficient and without articulating the particular harm that would accrue if they were required to respond to them. The objections are text-book examples of what federal courts have routinely deemed to be improper.  *See Redland Soccer Club, Inc. v. Department of the Army,* 55 F.3d 827, 856 (3d Cir.1995) (stating that the mere statement by a party that the interrogatory was overly broad, burdensome, oppressive and irrelevant is not adequate to voice a successful objection to an interrogatory and that instead, the party resisting discovery must show specifically how each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive); *see also McLeod, Alexander, Powel & Apffel, P.C. v. Quarles,* 894 F.2d 1482, 1485 (5th Cir.1990) (stating that "[w]e see no reason to

Melissa Daugherty                                                                DAPEER ROSENBLIT LITVAK LLP
Rita Kanno
LEWIS BRISBOIS BISGAARD AND SMITH LLP
October 14, 2019
Page 50 of 68

distinguish the standards governing responses to interrogatories from those that govern responses to production requests.")

Even if your clients' objections complied with their obligations under Rule 26, they are still without merit.

The request is not overly broad as to time or scope. The four-year period specified in the request is objectively reasonable and limited. Further, the scope of the request is limited insofar as it only seeks documents that reflect the business relationship between your clients and DRM, and nothing more.

These requests also seek documents patently relevant to and within the scope of the issues in this case. These documents would be discoverable, and even admissible, as they would enable Plaintiffs to establish an agency relationship between your clients and DRM. It is well established that the FHA and FEHA provide for vicarious liability. A housing discrimination claim is, in effect, a tort action, and ordinary tort-related vicarious liability applies. *See Meyer v. Holley,* 537 U.S. 280 (2003). Thus, owners, management companies, and other entities or persons who hire employees, managers, or brokers to sell or operate their housing accommodations may be held vicariously liable for discriminatory housing practices committed by those agents in the course and scope of their authority. *Cal. Fair Housing and Public Accommodations* (The Rutter Group 2018) § 4:16.

## Privacy

"Federal courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests." *A. Farber & Partners, Inc. v. Garber,* 234 F.R.D. 186, 191 (C.D.Cal.2006)). "Resolution of a privacy objection ... requires a balancing of the need for the information sought against the privacy right asserted." *Keith H. v. Long Beach Unified Sch. Dist.,* 228 F.R.D. 652, 657 (C.D. Cal 2005).

Your clients' objections to these requests fail to specifically identify what the privacy interest asserted is, so it is impossible to engage in any sort of balancing test. The objections must be withdrawn on this basis alone. Even if the objections were proper, though, there are numerous mechanisms by which the requested documents could be provided without unduly affecting the apparent privacy rights your clients are asserting. For example, information your clients deem private could be redacted, and we could thereafter meet and confer regarding the extent of the redactions. Or, your clients could designate the materials as "confidential" as provided for in the Parties' stipulated protective order, entered by the Court on May 28, 2019. At the very minimum, your clients are required to provide a privilege log identifying each and every document withheld and providing sufficient information to allow Plaintiffs to evaluate the claim of privacy. *See, e.g., Hampton v. City of San Diego,* 147 F.R.D. 227 (S.D. Cal. 1993).

Melissa Daugherty
Rita Kanno
LEWIS BRISBOIS BISGAARD AND SMITH LLP
October 14, 2019
Page 51 of 68

DAPEER ROSENBLIT LITVAK LLP

Further, there is nothing private about the documents sought. The documents sought deal with a relationship between two businesses/legal entities; not any relationship involving individuals that would bear remotely on private information.

### Proportionality

Like your clients' other objections, their proportionality objections are boilerplate and unsupported by any explanation or affidavit. On this basis alone, they are improper. They are also improper because your clients' opinion on the importance of this case and whether Plaintiffs were damages is irrelevant and not a basis upon which an objection can be made. Additionally, your clients' assertion that Plaintiffs have not sought mental treatment is pure speculation and also not a valid basis for objection. While our clients' special damages may not be significant, their general damages such as emotional distress have not been determined, nor have punitive damages and statutory penalties ($19,787 for a first violation up to $98,935 for more than two violations). But even absent any damages or penalties, *i.e.,* if Plaintiffs only sought equitable relief, your clients' objections still fail. This case seeks to vindicate our clients' fundamental rights to not be discriminated against because of their familial status. Assurance of fair housing practices is a legislatively declared policy of the United States. 42 U.S.C. 3601. Insofar as the goal of this lawsuit is furtherance of equal rights, this lawsuit presents a significantly more important issue than the vast majority of cases, even those with exorbitant damage claims.

### Assumes Facts

Your clients' objections that this request "assumes facts" is also improper. For one, your clients' responses cite no authority for the proposition that a party is prohibited from assuming facts when propounding written discovery, and our office is aware of none. Secondly, even if Plaintiffs did "assume facts" in making these requests, any such assumption would not provide a valid basis upon which an objection could be made; no foundation need be laid for a written request for production of documents.

### Attorney-Client Privilege / Attorney Work Product

It should be noted initially that FRCP 26(b)(5) requires:

> When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

Melissa Daugherty
Rita Kanno
LEWIS BRISBOIS BISGAARD AND SMITH LLP
October 14, 2019
Page 52 of 68

DAPEER ROSENBLIT LITVAK LLP

Your clients' objections fail to satisfy the requirements of Rule 26(b)(5). Specifically, the boilerplate attorney-client privilege/attorney work product objections fail to identify the lawyers and/or others involved in the preparation of the documents, the people to whom the document was sent, and a description of the subject matter of the documents sufficient to enable Plaintiffs to assess the applicability of the claimed privilege. *See Miller v. Pancucci,* 141 F.R.D. 292, 302 (C.D.Cal.1992), stating that to properly claim attorney-client privilege, the claimant must specifically designate and describe the documents claimed to be within the scope of the privilege and to be reasonably precise in stating the reasons for preserving their confidentiality. As Plaintiffs are unable to evaluate your clients' claim of privilege and/or work product, the objections are improper and must be withdrawn. To the extent your clients maintain the objections, a privilege log must be provided.

### Legal Conclusion

The fact that a discovery request "calls for a legal conclusion is not grounds for an objection." *Thomas v. Cate,* 715 F.Supp.2d 1012 (E.D. Cal. 2010). Accordingly, your clients' stated basis for their refusal to respond is unavailing. In any event, this request clearly does not call for a legal conclusion.

### Assertion that Your Clients Do Not Have Responsive Documents In Their Possession.

Your clients' assertion that they do not have responsive documents in their possession is unbelievable. The documents produced thus far in this case reflect an ongoing relationship of some-type between your clients and DRM, and in particular Cari Burleigh. DRM and your clients also apparently regularly correspond, as they had ready access to Ms. Burleigh's email after their interaction with Plaintiffs.

### Conclusion

Your clients must withdraw all of their objections and provide the documents demanded in Request No 22. Your clients must further provide a privilege log with sufficient information to enable Plaintiffs to evaluate your clients' claims of privacy and privilege as to any documents withheld.

### Request No. 23

This request seeks documents that reflect the business relationship between your clients and Cari Burleigh. In response to this request, your clients objected that the request: (1) is overly broad; (2) seeks documents that are irrelevant; (3) is burdensome and harassing; (4) "assume facts;" (5) invade your client's employees and/or third parties' rights to privacy; (6) is not proportional to the needs of the case, (7) requires your clients to make legal conclusions; and, (8) seeks documents protected by the attorney-client privilege and/or attorney work product

Melissa Daugherty
Rita Kanno                                          DAPEER ROSENBLIT LITVAK LLP
LEWIS BRISBOIS BISGAARD AND SMITH LLP
October 14, 2019
Page 53 of 68

doctrine. Your clients then stated they had no documents in their possession responsive to the request.

### Objections

#### Overbreadth, Relevance/Scope

The party resisting production bears the burden of establishing lack of relevancy or undue burden. *Oleson v. Kmart Corp.,* 175 F.R.D. 560, 565 (D.Kan.1997). The party must demonstrate "that the requested documents either do not come within the broad scope of relevance defined pursuant to Rule 26 or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure...." *Burke v. New York City Police Dept.,* 115 F.R.D. 220, 224 (S.D.N.Y.1987). Further, the "mere statement by a party that the interrogatory [or request for production] was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection." *Josephs v. Harris Corp.,* 677 F.2d 985, 992 (3d Cir. 1982); *see also Oleson,* 175 F.R.D. 560, 656 ("The litany of overly burdensome, oppressive, and irrelevant does not alone constitute a successful objection to a discovery request.") "On the contrary, the party resisting discovery 'must show specifically how ... each interrogatory [or request for production] is not

relevant or how each question is overly broad, burdensome or oppressive.' " *Id.* at 992; *see also Oleson,* 175 F.R.D. 560, 565 ("The objecting party must show specifically how each discovery request is burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden."); *Cipollone v. Liggett Group, Inc.,* 785 F.2d 1108, 1121 (3d Cir.1986) (holding that it is not sufficient to merely state a generalized objection, but, rather, objecting party must demonstrate that a particularized harm is likely to occur if the discovery be had by the party seeking it).

With respect to their objections as to overbreadth, relevance, burden and harassment, your clients' fail to sustain their burden of demonstrating that the documents sought by these requests are outside the scope of Rule 26(b)(1). Your clients have merely asserted boilerplate objections without specifying how the requests are deficient and without articulating the particular harm that would accrue if they were required to respond to them. The objections are text-book examples of what federal courts have routinely deemed to be improper. *See Redland Soccer Club, Inc. v. Department of the Army,* 55 F.3d 827, 856 (3d Cir.1995) (stating that the mere statement by a party that the interrogatory was overly broad, burdensome, oppressive and irrelevant is not adequate to voice a successful objection to an interrogatory and that instead, the party resisting discovery must show specifically how each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive); *see also McLeod, Alexander, Powel & Apffel, P.C. v. Quarles,* 894 F.2d 1482, 1485 (5th Cir.1990) (stating that "[w]e see no reason to distinguish the standards governing responses to interrogatories from those that govern responses to production requests.")

Melissa Daugherty
Rita Kanno
LEWIS BRISBOIS BISGAARD AND SMITH LLP
October 14, 2019
Page 54 of 68

DAPEER ROSENBLIT LITVAK LLP

Even if your clients' objections complied with their obligations under Rule 26, they are still without merit.

The four-year period specified in the request is objectively reasonable and limited. Further, the scope of the request is limited insofar as it only seeks documents that reflect the business relationship between your clients and Cari Burleigh, and nothing more.

These requests also seek documents patently relevant to and within the scope of the issues in this case. These documents would be discoverable, and even admissible, as they would enable Plaintiffs to establish an agency relationship and/or conspiracy between your clients and Cari Burleigh. It is well established that the FHA and FEHA provide for vicarious liability. A housing discrimination claim is, in effect, a tort action, and ordinary tort-related vicarious liability applies. *See Meyer v. Holley*, 537 U.S. 280 (2003). Thus, owners, management companies, and other entities or persons who hire employees, managers, or brokers to sell or operate their housing accommodations may be held vicariously liable for discriminatory housing practices committed by those agents in the course and scope of their authority. *Cal. Fair Housing and Public Accommodations* (The Rutter Group 2018) § 4:16.

<u>Privacy</u>

"        "Federal courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests." *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 191 (C.D.Cal.2006)). "Resolution of a privacy objection ... requires a balancing of the need for the information sought against the privacy right asserted." *Keith H. v. Long Beach Unified Sch. Dist.*, 228 F.R.D. 652, 657 (C.D. Cal 2005).

Your clients' objections to these requests fail to specifically identify what the privacy interest asserted is, so it is impossible to engage in any sort of balancing test. The objections must be withdrawn on this basis alone. Even if the objections were proper, though, there are numerous mechanisms by which the requested documents could be provided without unduly affecting the apparent privacy rights your clients are asserting. For example, information your clients deem private could be redacted, and we could thereafter meet and confer regarding the extent of the redactions. Or, your clients could designate the materials as "confidential" as provided for in the Parties' stipulated protective order, entered by the Court on May 28, 2019. At the very minimum, your clients are required to provide a privilege log identifying each and every document withheld and providing sufficient information to allow Plaintiffs to evaluate the claim of privacy. *See, e.g., Hampton v. City of San Diego*, 147 F.R.D. 227 (S.D. Cal. 1993).

Further, there is nothing private about the documents sought. The documents sought deal with a business relationship, and not a personal relationship. There should be nothing private about these documents.

Melissa Daugherty
Rita Kanno
LEWIS BRISBOIS BISGAARD AND SMITH LLP
October 14, 2019
Page 55 of 68

DAPEER ROSENBLIT LITVAK LLP

### Proportionality

Like your clients' other objections, their proportionality objections are boilerplate and unsupported by any explanation or affidavit. On this basis alone, they are improper. They are also improper because your clients' opinion on the importance of this case and whether Plaintiffs were damages is irrelevant and not a basis upon which an objection can be made. Additionally, your clients' assertion that Plaintiffs have not sought mental treatment is pure speculation and also not a valid basis for objection. While our clients' special damages may not be significant, their general damages such as emotional distress have not been determined, nor have punitive damages and statutory penalties ($19,787 for a first violation up to $98,935 for more than two violations). But even absent any damages or penalties, *i.e.,* if Plaintiffs only sought equitable relief, your clients' objections still fail. This case seeks to vindicate our clients' fundamental rights to not be discriminated against because of their familial status. Assurance of fair housing practices is a legislatively declared policy of the United States. 42 U.S.C. 3601. Insofar as the goal of this lawsuit is furtherance of equal rights, this lawsuit presents a significantly more important issue than the vast majority of cases, even those with exorbitant damage claims.

### Assumes Facts

Your clients' objections that this request "assumes facts" is also improper. For one, your clients' responses cite no authority for the proposition that a party is prohibited from assuming facts when propounding written discovery, and our office is aware of none. Secondly, even if Plaintiffs did "assume facts" in making these requests, any such assumption would not provide a valid basis upon which an objection could be made; no foundation need be laid for a written request for production of documents.

### Attorney-Client Privilege / Attorney Work Product

It should be noted initially that FRCP 26(b)(5) requires:

> When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

Your clients' objections fail to satisfy the requirements of Rule 26(b)(5). Specifically, the boilerplate attorney-client privilege/attorney work product objections fail to identify the lawyers and/or others involved in the preparation of the documents, the people to whom the document was sent, and a description of the subject matter of the documents sufficient to enable

Melissa Daugherty                                           DAPEER ROSENBLIT LITVAK LLP
Rita Kanno
LEWIS BRISBOIS BISGAARD AND SMITH LLP
October 14, 2019
Page 56 of 68

Plaintiffs to assess the applicability of the claimed privilege. *See Miller v. Pancucci,* 141 F.R.D. 292, 302 (C.D.Cal.1992), stating that to properly claim attorney-client privilege, the claimant must specifically designate and describe the documents claimed to be within the scope of the privilege and to be reasonably precise in stating the reasons for preserving their confidentiality. As Plaintiffs are unable to evaluate your clients' claim of privilege and/or work product, the objections are improper and must be withdrawn.   To the extent your clients maintain the objections, a privilege log must be provided.

### Legal Conclusion

The fact that a discovery request "calls for a legal conclusion is not grounds for an objection." *Thomas v. Cate,* 715 F.Supp.2d 1012 (E.D. Cal. 2010).   Accordingly, your clients' stated basis for their refusal to respond is unavailing.  In any event, this request clearly does not call for a legal conclusion.

### Assertion that Your Clients Do Not Have Responsive Documents In Their Possession.

Rule 34(a)(1) obligates your clients to produce not only those documents within their possession, but also those within their custody or control.  Accordingly, your client's response that they have already produce all responsive documents in their possession is deficient. Further, your clients' assertion that they do not have responsive documents in their possession is unbelievable.  The documents produced thus far in this case reflect an ongoing relationship of some-type between your clients Cari Burleigh.  Ms. Burleigh and your clients also apparently regularly correspond, as they had ready access to Ms. Burleigh's email after their interaction with Plaintiffs.   This correspondence could be used to establish a longstanding business relationship.

### Conclusion

Your clients must withdraw all of their objections and provide the documents demanded in Request No 23.  Your clients must further provide a privilege log with sufficient information to enable Plaintiffs to evaluate your clients' claims of privacy and privilege as to any documents withheld.

### Request No. 24

We incorporate by reference all of the foregoing discussion as to why your clients' boilerplate objections to this request are improper and must be withdrawn. With respect to your clients' substantive response, it is improper as it relies on a patently distorted interpretation of the request.  And, as your clients failed to object that the request was vague and ambiguous, and as the term "leasing and/or sales agent" is one that is not subject to any specialized interpretation, their distorted interpretation is ridiculous.  Further, the request does not bear remotely on

Melissa Daugherty
Rita Kanno
LEWIS BRISBOIS BISGAARD AND SMITH LLP
October 14, 2019
Page 57 of 68

DAPEER ROSENBLIT LITVAK LLP

whether your clients have "leased" a property. Instead, it seeks documents reflecting their job duties as a sales/leasing agent. There is no requirement that your clients have "leased" a property in order to be a sales/leasing agent.

### Conclusion

Your clients must withdraw all of their objections and provide the documents demanded in Request No 24. Your clients must further provide a privilege log with sufficient information to enable Plaintiffs to evaluate your clients' claims of privacy and privilege as to any documents withheld.

### Request No. 25

This request seeks documents that reflect the organizational structure of your clients' business. In response to this request, your clients objected that the request: (1) is overly broad; (2) seeks documents that are irrelevant; (3) is burdensome and harassing; (4) "assume facts;" (5) invade your client's employees and/or third parties' rights to privacy; (6) is not proportional to the needs of the case, (7) requires your clients to make legal conclusions; and, (8) seeks documents protected by the attorney-client privilege and/or attorney work product doctrine. Your clients then stated they had no documents in their possession responsive to the request.

### Objections

### Overbreadth, Relevance/Scope

The party resisting production bears the burden of establishing lack of relevancy or undue burden. *Oleson v. Kmart Corp.,* 175 F.R.D. 560, 565 (D.Kan.1997). The party must demonstrate "that the requested documents either do not come within the broad scope of relevance defined pursuant to Rule 26 or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure...." *Burke v. New York City Police Dept.,* 115 F.R.D. 220, 224 (S.D.N.Y.1987). Further, the "mere statement by a party that the interrogatory [or request for production] was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection." *Josephs v. Harris Corp.,* 677 F.2d 985, 992 (3d Cir. 1982); *see also Oleson,* 175 F.R.D. 560, 656 ("The litany of overly burdensome, oppressive, and irrelevant does not alone constitute a successful objection to a discovery request.") "On the contrary, the party resisting discovery 'must show specifically how ... each interrogatory [or request for production] is not relevant or how each question is overly broad, burdensome or oppressive.' " *Id.* at 992; *see also Oleson,* 175 F.R.D. 560, 565 ("The objecting party must show specifically how each discovery request is burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden."); *Cipollone v. Liggett Group, Inc.,* 785 F.2d 1108, 1121 (3d Cir.1986) (holding that it is not sufficient to merely state a generalized objection, but, rather,

Melissa Daugherty
Rita Kanno
LEWIS BRISBOIS BISGAARD AND SMITH LLP
October 14, 2019
Page 58 of 68

DAPEER ROSENBLIT LITVAK LLP

objecting party must demonstrate that a particularized harm is likely to occur if the discovery be had by the party seeking it).

     With respect to their objections as to overbreadth, relevance, burden and harassment, your clients' fail to sustain their burden of demonstrating that the documents sought by these requests are outside the scope of Rule 26(b)(1).  Your clients have merely asserted boilerplate objections without specifying how the requests are deficient and without articulating the particular harm that would accrue if they were required to respond to them.  The objections are text-book examples of what federal courts have routinely deemed to be improper. *See Redland Soccer Club, Inc. v. Department of the Army*, 55 F.3d 827, 856 (3d Cir.1995) (stating that the mere statement by a party that the interrogatory was overly broad, burdensome, oppressive and irrelevant is not adequate to voice a successful objection to an interrogatory and that instead, the party resisting discovery must show specifically how each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive); *see also McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir.1990) (stating that "[w]e see no reason to distinguish the standards governing responses to interrogatories from those that govern responses to production requests.")

     Even if your clients' objections complied with their obligations under Rule 26, they are still without merit.

     The request is not overly broad as to time or scope.  The ten-year period specified in the request is reasonable insofar as it will allow Plaintiffs to establish that your clients have done business together for a substantial period of time, which will aid in demonstrating their joint venture.  It would also allow Plaintiffs to determine the identity of current and previous managers and/or employees (who would necessarily be reflected in documents reflecting their organizational structure), who could be valuable witnesses with respect to your clients' past discrimination, if any, and their policies with respect to avoiding discrimination or handling complaints thereto.  Further, the scope of the request is limited insofar as it only seeks documents that reflect your clients' organizational structure.

     These requests also seek documents patently relevant to and within the scope of the issues in this case.  These documents would be discoverable, and even admissible, as they would enable Plaintiffs to establish a joint venture relationship between your clients and the form and extent of that joint venture over the years.

### Privacy

     "Federal courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests." *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 191 (C.D.Cal.2006)). "Resolution of a privacy objection ... requires a balancing of the need for the information sought against the privacy right asserted." *Keith H. v. Long Beach Unified Sch. Dist.,* 228 F.R.D. 652, 657 (C.D. Cal 2005).

Melissa Daugherty
Rita Kanno                                                    DAPEER ROSENBLIT LITVAK LLP
LEWIS BRISBOIS BISGAARD AND SMITH LLP
October 14, 2019
Page 59 of 68

Your clients' objections to these requests fail to specifically identify what the privacy interest asserted is, so it is impossible to engage in any sort of balancing test. The objections must be withdrawn on this basis alone. Even if the objections were proper, though, there are numerous mechanisms by which the requested documents could be provided without unduly affecting the apparent privacy rights your clients are asserting. For example, information your clients deem private could be redacted, and we could thereafter meet and confer regarding the extent of the redactions. Or, your clients could designate the materials as "confidential" as provided for in the Parties' stipulated protective order, entered by the Court on May 28, 2019. At the very minimum, your clients are required to provide a privilege log identifying each and every document withheld and providing sufficient information to allow Plaintiffs to evaluate the claim of privacy. *See, e.g., Hampton v. City of San Diego*, 147 F.R.D. 227 (S.D. Cal. 1993).

Further, there is nothing private about the documents sought. The documents sought deal with the organizational structure of a business. There is nothing private about these documents as businesses do not enjoy any rights to privacy.

## Proportionality

Like your clients' other objections, their proportionality objections are boilerplate and unsupported by any explanation or affidavit. On this basis alone, they are improper. They are also improper because your clients' opinion on the importance of this case and whether Plaintiffs were damages is irrelevant and not a basis upon which an objection can be made. Additionally, your clients' assertion that Plaintiffs have not sought mental treatment is pure speculation and also not a valid basis for objection. While our clients' special damages may not be significant, their general damages such as emotional distress have not been determined, nor have punitive damages and statutory penalties ($19,787 for a first violation up to $98,935 for more than two violations). But even absent any damages or penalties, *i.e.*, if Plaintiffs only sought equitable relief, your clients' objections still fail. This case seeks to vindicate our clients' fundamental rights to not be discriminated against because of their familial status. Assurance of fair housing practices is a legislatively declared policy of the United States. 42 U.S.C. 3601. Insofar as the goal of this lawsuit is furtherance of equal rights, this lawsuit presents a significantly more important issue than the vast majority of cases, even those with exorbitant damage claims.

## Assumes Facts

Your clients' objections that this request "assumes facts" is also improper. For one, your clients' responses cite no authority for the proposition that a party is prohibited from assuming facts when propounding written discovery, and our office is aware of none. Secondly, even if Plaintiffs did "assume facts" in making these requests, any such assumption would not provide a valid basis upon which an objection could be made; no foundation need be laid for a written request for production of documents.

Melissa Daugherty
Rita Kanno
LEWIS BRISBOIS BISGAARD AND SMITH LLP
October 14, 2019
Page 60 of 68

Dapeer Rosenblit Litvak LLP

### Attorney-Client Privilege / Attorney Work Product

It should be noted initially that FRCP 26(b)(5) requires:

> When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

Your clients' objections fail to satisfy the requirements of Rule 26(b)(5). Specifically, the boilerplate attorney-client privilege/attorney work product objections fail to identify the lawyers and/or others involved in the preparation of the documents, the people to whom the document was sent, and a description of the subject matter of the documents sufficient to enable Plaintiffs to assess the applicability of the claimed privilege. *See Miller v. Pancucci,* 141 F.R.D. 292, 302 (C.D.Cal.1992), stating that to properly claim attorney-client privilege, the claimant must specifically designate and describe the documents claimed to be within the scope of the privilege and to be reasonably precise in stating the reasons for preserving their confidentiality. As Plaintiffs are unable to evaluate your clients' claim of privilege and/or work product, the objections are improper and must be withdrawn. To the extent your clients maintain the objections, a privilege log must be provided.

### Legal Conclusion

The fact that a discovery request "calls for a legal conclusion is not grounds for an objection." *Thomas v. Cate,* 715 F.Supp.2d 1012 (E.D. Cal. 2010). Accordingly, your clients' stated basis for their refusal to respond is unavailing. In any event, this request clearly does not call for a legal conclusion.

### Assertion that Your Clients Do Not Have Responsive Documents In Their Possession.

Rule 34(a)(1) obligates your clients to produce not only those documents within their possession, but also those within their custody or control. Further, your clients' assertion that they do not have responsive documents in their possession is unbelievable. Every business maintains at least some documents reflecting the manner in which it is organized. Joint venture agreements, employment agreements, records of employees and records reflecting the manner in which commissions have been split would all fall within this category, and your clients are required to keep many of these documents by law.

Melissa Daugherty
Rita Kanno
LEWIS BRISBOIS BISGAARD AND SMITH LLP
October 14, 2019
Page 61 of 68

DAPEER ROSENBLIT LITVAK LLP

### Conclusion

Your clients must withdraw all of their objections and provide the documents demanded in Request No 25.  Your clients must further provide a privilege log with sufficient information to enable Plaintiffs to evaluate your clients' claims of privacy and privilege as to any documents withheld.

### Request No. 26

This request seeks documents that would enable Plaintiffs to determine your clients' net worth. In response to this request, your clients objected that the request: (1) is overly broad; (2) seeks documents that are irrelevant; (3) is burdensome and harassing; (4) "assume facts;" (5) invade your client's employees and/or third parties' rights to privacy; (6) is not proportional to

the needs of the case, (7) requires your clients to make legal conclusions; and, (8) seeks documents protected by the attorney-client privilege and/or attorney work product doctrine. Your clients then stated they had no documents in their possession responsive to the request.

#### Objections

#### Overbreadth, Relevance/Scope

The party resisting production bears the burden of establishing lack of relevancy or undue burden.  *Oleson v. Kmart Corp.,* 175 F.R.D. 560, 565 (D.Kan.1997).  The party must demonstrate "that the requested documents either do not come within the broad scope of relevance defined pursuant to Rule 26 or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure…." *Burke v. New York City Police Dept.,* 115 F.R.D. 220, 224 (S.D.N.Y.1987). Further, the "mere statement by a party that the interrogatory [or request for production] was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection." *Josephs v. Harris Corp.,* 677 F.2d 985, 992 (3d Cir. 1982); *see also Oleson,* 175 F.R.D. 560, 656 ("The litany of overly burdensome, oppressive, and irrelevant does not alone constitute a successful objection to a discovery request.")  "On the contrary, the party resisting discovery 'must show specifically how … each interrogatory [or request for production] is not relevant or how each question is overly broad, burdensome or oppressive.' " *Id.* at 992; *see also Oleson,* 175 F.R.D. 560, 565 ("The objecting party must show specifically how each discovery request is burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden."); *Cipollone v. Liggett Group, Inc.,* 785 F.2d 1108, 1121 (3d Cir.1986) (holding that it is not sufficient to merely state a generalized objection, but, rather, objecting party must demonstrate that a particularized harm is likely to occur if the discovery be had by the party seeking it).

Melissa Daugherty
Rita Kanno
LEWIS BRISBOIS BISGAARD AND SMITH LLP
October 14, 2019
Page 62 of 68

DAPEER ROSENBLIT LITVAK LLP

With respect to their objections as to overbreadth, relevance, burden and harassment, your clients' fail to sustain their burden of demonstrating that the documents sought by these requests are outside the scope of Rule 26(b)(1). Your clients have merely asserted boilerplate objections without specifying how the requests are deficient and without articulating the particular harm that would accrue if they were required to respond to them. The objections are text-book examples of what federal courts have routinely deemed to be improper. *See Redland Soccer Club, Inc. v. Department of the Army,* 55 F.3d 827, 856 (3d Cir.1995) (stating that the mere statement by a party that the interrogatory was overly broad, burdensome, oppressive and irrelevant is not adequate to voice a successful objection to an interrogatory and that instead, the party resisting discovery must show specifically how each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive); *see also McLeod, Alexander, Powel & Apffel, P.C. v. Quarles,* 894 F.2d 1482, 1485 (5th Cir.1990) (stating that "[w]e see no reason to distinguish the standards governing responses to interrogatories from those that govern responses to production requests.")

Even if your clients' objections complied with their obligations under Rule 26, they are still without merit.

The request is not overly broad as to time or scope. The four year period specified in the request is as limited as possible while still enabling Plaintiffs to determine your clients' net worth (which requires several years of records in order to adequately determine). Further, the request is extremely limited in scope and seeks specific records regarding your clients' financial positions.

These requests also seek documents patently relevant to and within the scope of the issues in this case. It is well established that discovery related to a defendant's net worth bears directly upon a claim for punitive damages. *See, e.g., City of Newport v. Fact Concerts, Inc.,* 452 U.S. 247, 270-281. It is indisputable that punitive damages are available under state and federal fair housing laws, and Plaintiffs have requested them in the operative complaint.

<u>Privacy</u>

"Federal courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests." *A. Farber & Partners, Inc. v. Garber,* 234 F.R.D. 186, 191 (C.D.Cal.2006)). "Resolution of a privacy objection ... requires a balancing of the need for the information sought against the privacy right asserted." *Keith H. v. Long Beach Unified Sch. Dist.,* 228 F.R.D. 652, 657 (C.D. Cal 2005).

Your clients' objections to these requests fail to specifically identify what the privacy interest asserted is, so it is impossible to engage in any sort of balancing test. The objections must be withdrawn on this basis alone. Even if the objections were proper, though, there are numerous mechanisms by which the requested documents could be provided without unduly affecting the apparent privacy rights your clients are asserting. For example, information your

Melissa Daugherty
Rita Kanno
LEWIS BRISBOIS BISGAARD AND SMITH LLP
October 14, 2019
Page 63 of 68

DAPEER ROSENBLIT LITVAK LLP

clients deem private could be redacted, and we could thereafter meet and confer regarding the extent of the redactions. Or, your clients could designate the materials as "confidential" as provided for in the Parties' stipulated protective order, entered by the Court on May 28, 2019. At the very minimum, your clients are required to provide a privilege log identifying each and every document withheld and providing sufficient information to allow Plaintiffs to evaluate the claim of privacy. *See, e.g., Hampton v. City of San Diego,* 147 F.R.D. 227 (S.D. Cal. 1993).

Further, even if the records are private, any such concern may not shield a defendant from producing such records. *See, Oakes v. Halvorsen Marine Ltd.,* 179 F.R.D. 281, 284 (C.D. Cal. 1998) (compelling production of financial records and noting protective order would protect privacy interests).

## Proportionality

Like your clients' other objections, their proportionality objections are boilerplate and unsupported by any explanation or affidavit. On this basis alone, they are improper. They are also improper because your clients' opinion on the importance of this case and whether Plaintiffs were damages is irrelevant and not a basis upon which an objection can be made. Additionally, your clients' assertion that Plaintiffs have not sought mental treatment is pure speculation and also not a valid basis for objection. While our clients' special damages may not be significant, their general damages such as emotional distress have not been determined, nor have punitive damages and statutory penalties ($19,787 for a first violation up to $98,935 for more than two violations). But even absent any damages or penalties, *i.e.,* if Plaintiffs only sought equitable relief, your clients' objections still fail. This case seeks to vindicate our clients' fundamental rights to not be discriminated against because of their familial status. Assurance of fair housing practices is a legislatively declared policy of the United States. 42 U.S.C. 3601. Insofar as the goal of this lawsuit is furtherance of equal rights, this lawsuit presents a significantly more important issue than the vast majority of cases, even those with exorbitant damage claims.

## Assumes Facts

Your clients' objections that this request "assumes facts" is also improper. For one, your clients' responses cite no authority for the proposition that a party is prohibited from assuming facts when propounding written discovery, and our office is aware of none. Secondly, even if Plaintiffs did "assume facts" in making these requests, any such assumption would not provide a valid basis upon which an objection could be made; no foundation need be laid for a written request for production of documents.

Melissa Daugherty
Rita Kanno
LEWIS BRISBOIS BISGAARD AND SMITH LLP
October 14, 2019
Page 64 of 68

DAPEER ROSENBLIT LITVAK LLP

## Attorney-Client Privilege / Attorney Work Product

It should be noted initially that FRCP 26(b)(5) requires:

> When a party withholds information otherwise discoverable under
> these rules by claiming that it is privileged or subject to protection
> as trial preparation material, the party shall make the claim
> expressly and shall describe the nature of the documents,
> communications, or things not produced or disclosed in a manner
> that, without revealing information itself privileged or protected,
> will enable other parties to assess the applicability of the privilege
> or protection.

Your clients' objections fail to satisfy the requirements of Rule 26(b)(5). Specifically, the boilerplate attorney-client privilege/attorney work product objections fail to identify the lawyers and/or others involved in the preparation of the documents, the people to whom the document was sent, and a description of the subject matter of the documents sufficient to enable Plaintiffs to assess the applicability of the claimed privilege. *See Miller v. Pancucci*, 141 F.R.D. 292, 302 (C.D.Cal.1992), stating that to properly claim attorney-client privilege, the claimant must specifically designate and describe the documents claimed to be within the scope of the privilege and to be reasonably precise in stating the reasons for preserving their confidentiality. As Plaintiffs are unable to evaluate your clients' claim of privilege and/or work product, the objections are improper and must be withdrawn. To the extent your clients maintain the objections, a privilege log must be provided.

## Legal Conclusion

The fact that a discovery request "calls for a legal conclusion is not grounds for an objection." *Thomas v. Cate,* 715 F.Supp.2d 1012 (E.D. Cal. 2010). Accordingly, your clients' stated basis for their refusal to respond is unavailing. In any event, this request clearly does not call for any legal conclusion.

## Conclusion

Your clients must withdraw all of their objections and provide the documents demanded in Request No 26. Your clients must further provide a privilege log with sufficient information to enable Plaintiffs to evaluate your clients' claims of privacy and privilege as to any documents withheld.

Melissa Daugherty
Rita Kanno
LEWIS BRISBOIS BISGAARD AND SMITH LLP
October 14, 2019
Page 65 of 68

DAPEER ROSENBLIT LITVAK LLP

## Request No. 27

This request seeks documents that reflect each site available for rent as of October 8, 2018. In response to this request, your clients objected that the request: (1) is overly broad; (2) seeks documents that are irrelevant; (3) is burdensome and harassing; (4) "assume facts;" (5) invade your client's employees and/or third parties' rights to privacy; (6) is not proportional to the needs of the case, (7) requires your clients to make legal conclusions; and, (8) seeks documents protected by the attorney-client privilege and/or attorney work product doctrine. Your clients then stated they are not the owners of the Subject Property and that the response is best directed to the Association.

### Objections

#### Overbreadth, Relevance/Scope

The party resisting production bears the burden of establishing lack of relevancy or undue burden. *Oleson v. Kmart Corp.,* 175 F.R.D. 560, 565 (D.Kan.1997). The party must demonstrate "that the requested documents either do not come within the broad scope of

relevance defined pursuant to Rule 26 or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure...." *Burke v. New York City Police Dept.,* 115 F.R.D. 220, 224 (S.D.N.Y.1987).

Further, the "mere statement by a party that the interrogatory [or request for production] was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection." *Josephs v. Harris Corp.,* 677 F.2d 985, 992 (3d Cir. 1982); *see also Oleson,* 175 F.R.D. 560, 656 ("The litany of overly burdensome, oppressive, and irrelevant does not alone constitute a successful objection to a discovery request.") "On the contrary, the party resisting discovery 'must show specifically how ... each interrogatory [or request for production] is not relevant or how each question is overly broad, burdensome or oppressive.' " *Id.* at 992; *see also Oleson,* 175 F.R.D. 560, 565 ("The objecting party must show specifically how each discovery request is burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden."); *Cipollone v. Liggett Group, Inc.,* 785 F.2d 1108, 1121 (3d Cir.1986) (holding that it is not sufficient to merely state a generalized objection, but, rather, objecting party must demonstrate that a particularized harm is likely to occur if the discovery be had by the party seeking it).

With respect to their objections as to overbreadth, relevance, burden and harassment, your clients' fail to sustain their burden of demonstrating that the documents sought by these requests are outside the scope of Rule 26(b)(1). Your clients have merely asserted boilerplate objections without specifying how the requests are deficient and without articulating the particular harm that would accrue if they were required to respond to them. The objections are text-book examples of what federal courts have routinely deemed to be improper. *See Redland*

Melissa Daugherty                                          DAPEER ROSENBLIT LITVAK LLP
Rita Kanno
LEWIS BRISBOIS BISGAARD AND SMITH LLP
October 14, 2019
Page 66 of 68

*Soccer Club, Inc. v. Department of the Army,* 55 F.3d 827, 856 (3d Cir.1995) (stating that the mere statement by a party that the interrogatory was overly broad, burdensome, oppressive and irrelevant is not adequate to voice a successful objection to an interrogatory and that instead, the party resisting discovery must show specifically how each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive); *see also McLeod, Alexander, Powel & Apffel, P.C. v. Quarles,* 894 F.2d 1482, 1485 (5th Cir.1990) (stating that "[w]e see no reason to distinguish the standards governing responses to interrogatories from those that govern responses to production requests.")

Even if your clients' objections complied with their obligations under Rule 26, they are still without merit.

The request is not overly broad as to time or scope. The time period specified in the request is limited to a single day. Further, the request is limited in scope, as it only applies to specific properties available for rent on a specific day.

These requests also seek documents patently relevant to and within the scope of the issues in this case. The documents sought would enable Plaintiffs to identify all of the potential sites that were available on the day they tried to rent and/or purchase, and would further enable Plaintiffs to engage in further discovery to determine whether those housing opportunities remained available after Plaintiffs' interaction with your clients. These are essential elements of Plaintiffs claims. *See, Comm. House, Inc. v. City of Boise,* 490 F.2d 1041, 1053 (9th Cir. 2007).

## Privacy

"Federal courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests." *A. Farber & Partners, Inc. v. Garber,* 234 F.R.D. 186, 191 (C.D.Cal.2006)). "Resolution of a privacy objection ... requires a balancing of the need for the information sought against the privacy right asserted." *Keith H. v. Long Beach Unified Sch. Dist.,* 228 F.R.D. 652, 657 (C.D. Cal 2005).

Your clients' objections to these requests fail to specifically identify what the privacy interest asserted is, so it is impossible to engage in any sort of balancing test. The objections must be withdrawn on this basis alone. Even if the objections were proper, though, there are numerous mechanisms by which the requested documents could be provided without unduly affecting the apparent privacy rights your clients are asserting. For example, information your clients deem private could be redacted, and we could thereafter meet and confer regarding the extent of the redactions. Or, your clients could designate the materials as "confidential" as provided for in the Parties' stipulated protective order, entered by the Court on May 28, 2019. At the very minimum, your clients are required to provide a privilege log identifying each and every document withheld and providing sufficient information to allow Plaintiffs to evaluate the claim of privacy. *See, e.g., Hampton v. City of San Diego,* 147 F.R.D. 227 (S.D. Cal. 1993).

Melissa Daugherty                                                    DAPEER ROSENBLIT LITVAK LLP
Rita Kanno
LEWIS BRISBOIS BISGAARD AND SMITH LLP
October 14, 2019
Page 67 of 68

### Proportionality

Like your clients' other objections, their proportionality objections are boilerplate and unsupported by any explanation or affidavit. On this basis alone, they are improper. They are also improper because your clients' opinion on the importance of this case and whether Plaintiffs were damages is irrelevant and not a basis upon which an objection can be made. Additionally, your clients' assertion that Plaintiffs have not sought mental treatment is pure speculation and also not a valid basis for objection. While our clients' special damages may not be significant, their general damages such as emotional distress have not been determined, nor have punitive damages and statutory penalties ($19,787 for a first violation up to $98,935 for more than two violations). But even absent any damages or penalties, *i.e.,* if Plaintiffs only sought equitable relief, your clients' objections still fail. This case seeks to vindicate our clients' fundamental rights to not be discriminated against because of their familial status. Assurance of fair housing practices is a legislatively declared policy of the United States. 42 U.S.C. 3601. Insofar as the goal of this lawsuit is furtherance of equal rights, this lawsuit presents a significantly more important issue than the vast majority of cases, even those with exorbitant damage claims.

### Assumes Facts

Your clients' objections that this request "assumes facts" is also improper. For one, your clients' responses cite no authority for the proposition that a party is prohibited from assuming facts when propounding written discovery, and our office is aware of none. Secondly, even if Plaintiffs did "assume facts" in making these requests, any such assumption would not provide a valid basis upon which an objection could be made; no foundation need be laid for a written request for production of documents.

### Attorney-Client Privilege / Attorney Work Product

It should be noted initially that FRCP 26(b)(5) requires:

> When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

Your clients' objections fail to satisfy the requirements of Rule 26(b)(5). Specifically, the boilerplate attorney-client privilege/attorney work product objections fail to identify the lawyers and/or others involved in the preparation of the documents, the people to whom the document was sent, and a description of the subject matter of the documents sufficient to enable

Melissa Daugherty                                      DAPEER ROSENBLIT LITVAK LLP
Rita Kanno
LEWIS BRISBOIS BISGAARD AND SMITH LLP
October 14, 2019
Page 68 of 68

Plaintiffs to assess the applicability of the claimed privilege. *See Miller v. Pancucci*, 141 F.R.D. 292, 302 (C.D.Cal.1992), stating that to properly claim attorney-client privilege, the claimant must specifically designate and describe the documents claimed to be within the scope of the privilege and to be reasonably precise in stating the reasons for preserving their confidentiality. As Plaintiffs are unable to evaluate your clients' claim of privilege and/or work product, the objections are improper and must be withdrawn. To the extent your clients maintain the objections, a privilege log must be provided.

### Legal Conclusion

The fact that a discovery request "calls for a legal conclusion is not grounds for an objection." *Thomas v. Cate*, 715 F.Supp.2d 1012 (E.D. Cal. 2010). In any event, this request does not call for a legal conclusion.

### Response that Your Clients Are Not Owners of the Subject Property and Direction to Association

The fact that your clients do not own the Subject Property is irrelevant and not a proper basis to refuse to respond. Further, Plaintiffs are not obligated under any statute or rule to seek discovery from the party to whom it is "best directed." If your clients have responsive documents in their possession, custody or control, such documents must be produced.

### Conclusion

Your clients must withdraw all of their objections and provide the documents demanded in Request No 27. Your clients must further provide a privilege log with sufficient information to enable Plaintiffs to evaluate your clients' claims of privacy and privilege as to any documents withheld.

Please provide supplemental responses without objections, further production, and an appropriate privilege log as described hereinabove no later than October 24, 2019. If you are unwilling or unable to do so, this letter shall serve as Plaintiffs' formal demand pursuant to Local Rule 37-1 that you attend an in-person conference at our office about these issues no later than October 24, 2019. Please let us know what works best for your schedule, and we will do our best to accommodate.

Very truly yours,

DAPEER, ROSENBLIT & LITVAK, LLP

By: _____
     Eric P. Markus

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  At the time of service, I was over 18 years of age and not a party to this action.  My business address is 11500 West Olympic Boulevard, Suite 550, Los Angeles, CA 90064.

On October 14, 2019 I served true copies of the following, described as:

**REQUEST FOR SUPPLEMENTAL RESPONSES AND/OR L.R. 37-1 PRE-FILING CONFERENCE OF COUNSEL** on the interested parties in this action, as follows:

*Attorney for Defendants Candice E. Williams & Kimberly L. Baca*

Melissa T. Daugherty, Esq.
Rita Kanno, Esq.
LEWIS, BRISBOIS BISGAARD & SMITH, LLP
633 West 5th Street, Suite 4000
Los Angeles, CA 90071
E: Melissa.Daugherty@lewisbrisbois.com
E: Rita.Kanno@lewisbrisbois.com

**BY EMAIL.** I caused a copy of the documents to be sent from email address mgonzalez@drllaw.com to the persons at the email addresses listed in the service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**BY MAIL.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed in the above service list and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 14th day of October, 2019 at Los Angeles, California.

Miriam Gonzalez, Declarant