UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 18-2643-MWF (KKx)** | Date: | February 7, 2020 |
| Title: | *Tara Ann Bartoli, et al. v. Rancho California RV Resort Owners Association, et al.* | | |

Present: The Honorable KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order Denying Plaintiffs' Motion to Compel [Dkt. 56]

On December 18, 2019, Plaintiffs Brett Thomas Bartoli, Tara Ann Bartoli, and Tara Ann Bartoli as Guardian ad litem for L.B. and M.B. ("Plaintiffs") filed a Motion to Compel Further Responses and Production of Documents ("Motion to Compel") with a Joint Stipulation pursuant to Local Rule 37-2. ECF Docket No. ("Dkt.") 56; Dkt. 59, Joint Stipulation ("JS"). Plaintiffs seek further responses to Requests for Production, Set One, Nos. 6, 8, 20, and 27 as well as $33,711.00 in attorney's fees incurred in bringing the Motion to Compel. Dkt. 56. On January 13, 2020, Plaintiffs filed a Supplemental Brief. Dkt. 62. On January 14, 2020, Defendants Kimberly Lynn Baca ("Baca") and Candice Elaine Williams ("Williams") (collectively, "Defendants") filed a Supplemental Brief in Opposition. Dkt. 63. For the reasons set forth below, Plaintiffs' Motion to Compel is DENIED.

## I.
## BACKGROUND

On December 20, 2018, Plaintiffs filed a Complaint against defendants Rancho California RV Resort Owner's Association ("HOA"), Desert Resort Management, Inc. ("DRM"), Cari Burleigh ("Burleigh") (the General Manager of DRM), Williams, and Baca. Dkt. 1; Dkt. 48.[1] Plaintiffs allege

---

[1] On August 28, 2019, Plaintiffs filed a First Amended Complaint ("FAC"), dkt. 48, and the parties stipulated Defendants would not file amended Answers and that all denials, responses and affirmative defenses set forth in the Answers filed by Defendants to the original Complaint would be responsive to the FAC, dkt. 47. The factual allegations of the Complaint and FAC are identical, but the Complaint is sealed to protect the identities of the minor plaintiffs.

defendants Williams and Baca do business as Fairway Associates and operate a sales and leasing office at Rancho California RV Resort (the "Resort"). Dkt. 48, ¶¶ 12, 13. Plaintiffs allege they were discriminated against on the basis of their familial status and set forth numerous claims for violations of the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended, 42 U.S.C. §§ 3601-3619, and 42 U.S.C. § 3631 ("FHA"), and the California Fair Employment and Housing Act, Cal. Gov. Code §§ 12900, et seq. ("FEHA"). See id.

According to the FAC, on October 8, 2018, plaintiff Tara Bartoli called the leasing office at the Resort and spoke with defendant Williams, who informed her the Resort's "Rules and Regulations" have a prohibition against "school-aged" children. Id., ¶ 18. Plaintiff Tara Bartoli then sent an email to defendant Burleigh requesting information regarding the rules on families with children living at the Resort. Id., ¶ 19. On October 10, 2018, defendant Burleigh responded explaining that pursuant to the County Issued Conditional Use Permit, the Resort is not a "permanent living facility" and all renters must comply with the Resort's Rules and Regulations. Id., ¶ 21. Additional emails were exchanged, but Plaintiffs have not been offered a site at the Resort. Id., ¶ 24. Plaintiffs seek declaratory and injunctive relief as well as compensatory and punitive damages and civil penalties pursuant to 42 U.S.C. § 3631. Id. at 26-27.

On April 12, 2019, Defendants filed an Answer. Dkt. 35. On April 19, 2019, defendants HOA, DRM, and Burleigh filed an Answer. Dkt. 38.

On May 28, 2019, the Court approved the parties' Stipulated Protective Order in order to facilitate the exchange of information through discovery. Dkt. 43.

On June 4, 2019, Plaintiffs served their initial disclosures claiming $24,193.03 as damages for lost income, moving expenses, RV storage, and difference in rent and state that their general damages for emotional distress, lost housing opportunity, loss of rights, and punitive damages are "unknown at this time." Dkt. 60, Declaration of Freda Tjoarman ("Tjoarman Decl."), ¶ 4, Ex. 4.

On June 10, 2019, the Court held a scheduling conference and issued a Scheduling Order setting a non-expert discovery cut-off of May 1, 2020 and a jury trial for September 8, 2020. Dkts. 44, 46.

On August 8, 2019, Plaintiffs served Requests for Production, Set One, on Defendants. Dkt. 58, Declaration of Eric P. Markus ("Markus Decl."), ¶ 8, Ex. E.

On September 26, 2019, Defendants served their responses to Requests for Production, Set One. Id., ¶10, Ex. G.

On October 14, 2019, Plaintiffs' counsel sent Defendants' counsel a 67-page meet and confer letter alleging deficiencies in every one of Defendants' responses to Requests for Production, Set One. Id., ¶ 11, Ex. H.

On October 22, 2019, Plaintiffs' counsel and Defendants' counsel participated in an hour and a half telephone conference regarding the responses to Requests for Production, Set One. Id., ¶ 12; Tjoarman Decl., ¶ 10. While the parties were able to resolve the majority of their differences via telephone, Plaintiffs' counsel insisted Defendants' counsel travel to Plaintiffs' counsel's office to meet and confer in person. Tjoarman Decl., ¶ 10.

On October 24, 2019, Defendants' counsel traveled to Plaintiffs' counsel's office and met and conferred in person regarding the responses to Requests for Production, Set One. Markus Decl., ¶ 13; Tjoarman Decl., ¶11. At the conclusion of the conference Plaintiffs' counsel agreed to allow Defendants' counsel ten days to serve supplemental responses. Tjoarman Decl., ¶ 13.

On October 31, 2019, Defendants served supplemental responses to Requests for Production, Set One. Markus Decl., ¶ 14; Tjoarman Decl., ¶ 13, Ex. 6.

On December 18, 2019, Plaintiffs filed the instant Motion to Compel and Joint Stipulation. Dkts. 56, 59. On January 13, 2020, Plaintiffs filed a Supplemental Brief. Dkt. 62. On January 14, 2020, Defendants filed a Supplemental Brief and a declaration by defendant Williams. Dkt. 63. The matter thus stand submitted.

## II.
## DISCUSSION

### A. APPLICABLE LAW

"The parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." Fed. R. Civ. P. 26 advisory committee notes (2015 amendments). Salazar v. McDonald's Corp., No. 14-CV-02096-RS (MEJ), 2016 WL 736213, at *2 (N.D. Cal. Feb. 25, 2016). Moreover, "Rule 1 . . . emphasize[s] that just as the court should construe and administer these rules to secure the just, speedy, and inexpensive determination of every action, so the parties share the responsibility to employ the rules in the same way." Fed. R. Civ. P. 1 advisory committee notes (2015 amendments).

Federal Rule of Civil Procedure 26(b) provides that parties may obtain discovery regarding

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Relevant information "need not be admissible in evidence to be discoverable." Id. A court "must limit the frequency or extent of discovery otherwise allowed" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). "Relevancy alone is no longer sufficient to obtain discovery, the discovery requested must also be proportional to the needs of the case." Centeno v. City of Fresno, No. 1:16-CV-653 DAD SAB, 2016 WL 7491634, at *4 (E.D. Cal. Dec. 29, 2016) (citing In re Bard IVC Filters Prod. Liab. Litig., 317 F.R.D. 562, 564 (D. Ariz. 2016)).

"[G]eneral or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections."

A. Farber & Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) (faulting defendant for making "boilerplate objections to almost every single request for production, including broad relevancy objections, objections of 'overly burdensome and harassing,' 'assumes facts not in evidence,' privacy, and attorney-client privilege/work product protection").

Federal Rule of Civil Procedure 34 governs requests for production of documents. See Fed. R. Civ. P. 34. "A party seeking discovery may move for an order compelling an answer, . . . production, or inspection." Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv).

"The party moving to compel bears the burden of demonstrating why the information sought is relevant and why the responding party's objections lack merit." Bluestone Innovations LLC v. LG Elecs. Inc., No. C-13-01770 SI (EDL), 2013 WL 6354419, at *2 (N.D. Cal. Dec. 5, 2013). However, "[t]he party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." Duran v. Cisco Sys., Inc., 258 F.R.D. 375, 378 (C.D. Cal. 2009) (citing Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975)).

**B.    ANALYSIS**

As an initial matter, Defendants' "general objections" incorporated by reference are overruled. See A. Farber & Partners, Inc., 234 F.R.D. at 188; see also In re Air Crash at Taipei, Taiwan on Oct. 31, 2000, 211 F.R.D. 374, 376 n.2 (C.D. Cal. 2002) (noting "a 'general objection' is not sufficient"). Moreover, Defendants do not raise their general objections in the Joint Stipulation. Hence, any objections not specifically addressed in the Joint Stipulation are waived. Duran, 258 F.R.D. at 379 (C.D. Cal. 2009) (finding "defendant has waived those objections not addressed in the Joint Stipulation" (citing Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir.), cert. dismissed, 506 U.S. 948, 113 S. Ct. 454, 121 L. Ed. 2d 325 (1992))).

**1.    Request for Production Nos. 6 and 8**

Plaintiffs' Request for Production No. 6 seeks "All documents related to the sale and/or lease of any site at the Subject Property to any person with familial status and/or any person under 18 years of age at any time during the time period January 1, 2015 to the present, including any listing agreements, advertisements, offers, counter-offers, purchase/lease documents including but not limited to applications to rent, written leases and all exhibits, attachments, and addenda thereto, correspondence, notes, memoranda, and documents that reflect communications between you and any person about any such purchaser and/or renter." JS at 12. Defendants objected on the grounds the request is overly broad as to time and scope, seeks irrelevant information, seeks to invade the privacy rights of third parties, and is disproportionate to the needs of the case. JS at 13.

Plaintiffs' Request for Production No. 8 seeks "A complete copy of all resident files, including file jacket covers, maintained regarding each owner, tenant and/or occupant with familial status and/or residents under the age of 18 who resided at the Subject Property at any time during the time period from January 1, 2015 to the present, including a copy of all leases, rental agreements, purchase/sale agreements, applications, notices, rent receipts, security deposit refunds, eviction documents, complaints, notes, and communications." JS at 41. In Defendants' initial responses, Defendants objected on the grounds the request is overbroad in time and scope, seeks irrelevant information, is unduly burdensome and harassing, seeks to invade the privacy rights of Defendants'

employees and/or other third parties, and is disproportionate to the needs of the case. JS at 41-42. "Subject to and without waiving said objections: Defendant[s have] conducted a diligent and th[o]rough investigation and [have] determined that Defendant[s] do[] not possess any documents in [their] possession responsive to this request." JS at 42. In Defendants' supplemental response, Defendants objected on the same grounds, i.e. the request is overbroad in time and scope, seeks irrelevant information, is unduly burdensome and harassing, seeks to invade the privacy rights of Defendants' employees and/or other third parties, and is disproportionate to the needs of the case, but omitted the substantive response. JS at 42-44.

Here, the Court finds evidence of discriminatory intent is relevant to Plaintiffs' claims. Plaintiffs argue Requests for Production Nos. 6 and 8 seek documents relevant to showing Defendants' discriminatory intent. JS at 14-15. Plaintiffs argue the documents will provide statistical evidence of the number of families with children that have rented at the Resort in order to demonstrate "a pattern and practice of refusing to rent to people with familial status." JS at 15 (citing E.E.O.C. v. Ford Motor Credit Co., 26 F.3d 44, 47 (6th Cir. 1994); Woods-Drake v. Lundy, 667 F.2d 1198, 1202 (5th Cir. 1982) ("In housing cases, a history of not renting to blacks is relevant in proving racial discrimination.")). In addition, Plaintiffs argue the documents would provide contact information for potential witnesses. JS at 15. Defendants argue evidence of discriminatory intent would not be relevant to Plaintiffs' claims because Plaintiffs "repeatedly claim in their First Amended Complaint that Defendant[s] are liable ' . . . even absent discriminatory intent.'" JS at 20-21 (citing FAC at ¶¶ 25, 33, 73, 114).

Defendants' argument that evidence of discriminatory intent is not relevant to Plaintiffs' claims mischaracterizes the FAC because Plaintiffs repeatedly allege Defendants' "conduct was intentional, willful, oppressive, fraudulent, and malicious." FAC at ¶¶ 1, 48, 55, 62, 69, 86, 92, 98, 104, 110, 123, 130. Moreover, "[e]vidence that the author or speaker intended his or her words to indicate a prohibited preference obviously bears on the question of whether the words in fact do so." Jancik v. Dep't of Hous. & Urban Dev., 44 F.3d 553, 556 (7th Cir. 1995); see also Children's All. v. City of Bellevue, 950 F. Supp. 1491, 1496 n.7 (W.D. Wash. 1997) ("The Court does not believe that circumstantial evidence of discriminatory intent is irrelevant but rather is properly considered in assessing a defendant's justifications for differential treatment.").

Defendants also fail to adequately support their objection that production would be unduly burdensome.[2] Defendant Williams' declaration explains that given the small size of Defendants' business and the large volume of applications, leases, and sales that are processed at any given time, production of such documents for a five year period would "require an exorbitant amount of money, experts, time, technology, and resources that [Defendants] do not have." Dkt. 66, Declaration of Candice Elaine Williams ("Williams Decl."), ¶ 8. Defendant Williams speculates, "it

---

[2] On January 14, 2020, Plaintiffs filed Objections to the declaration of defendant Williams filed in support of her Opposition to the Motion to Compel on the grounds it is untimely and should have been filed concurrently with the Joint Stipulation. Dkt. 67. As discussed below, the Court is unimpressed with either parties' failure to strictly comply with the Court's filing requirements. The Court agrees defendant Williams' declaration is untimely filed, but, more importantly, finds it fails to remedy the deficient support for Defendants' "unduly burdensome" objection. Hence, Plaintiffs' Objection is overruled as moot.

(continued . . . )

will take months to sort through this data and to review for privileged, confidential, proprietary, trade secret, and private data . . . ." Id. Such conclusory allegations are insufficient to show the requests are unduly burdensome. See A. Farber & Partners, Inc., 234 F.R.D. at 188 (citing Panola Land Buyers Ass'n v. Shuman, 762 F.2d 1550, 1559 (11th Cir. 1985) (conclusory recitations of expense and burdensomeness are not sufficiently specific to demonstrate why requested discovery is objectionable)).

In light of the substantial non-party privacy interests at stake,[3] however, the Court finds production of the responsive documents is disproportionate to the needs of the case. Plaintiffs argue the need for the discovery outweighs any privacy rights and the protective order entered in this action sufficiently protects the non-party privacy interests. JS at 15-16 (citing Ceramic Corp. of Am. v. Inka Mar. Corp. Inc., 163 F.R.D. 584, 589 (C.D. Cal. 1995); Marable v. H. Walker & Assocs., 644 F.2d 390, 396 (5th Cir. 1981)). Neither case cited by Plaintiffs is on point.

In Ceramic Corp. of Am., the court discussed balancing non-party privacy against the needs of the case citing various employment discrimination and police brutality cases where courts have permitted disclosure of personnel files. Ceramic Corp. of Am., 163 F.R.D. at 589. The court noted, "the initiation of a lawsuit, does not, by itself, grant plaintiffs the right to rummage unnecessarily and unchecked through the private affairs of anyone they choose. A balance must be struck." Id. Ultimately, the court found the non-party's employment records should be produced, but excluded "family, health and financial documents." Id. In Marable, plaintiff "introduced documentary evidence consisting of applications for tenancy listing credit references and credit reports prepared by a credit agency, which demonstrated that defendants rented to numerous white persons with significant credit problems far greater than any deficiencies indicated by Marable's credit report." Marable, 644 F.2d at 396. First, Plaintiff simply assumes production of the tenant applications and credit reports was ordered by the court in Marable. Second, the facts at issue in the instant action are materially distinguishable from Marable, i.e. Plaintiffs never even completed a tenant application or submitted their credit information. Therefore, Marable does not support requiring disclosure of non-parties' names, addresses, tenant applications, or credit information in this action, because the only information relevant to this action is the familial status of tenants, residents, and applicants.

Moreover, Plaintiffs fail to explain why any statistical information sought could not simply be provided through interrogatories.[4] To the extent Plaintiffs insist the contact information for

---

[3] In federal question cases such as this one, federal privilege law applies. Fed. R. Evid. 501; Kerr v. United States District Court, 511 F.2d 192, 197 (9th Cir. 1975), aff'd, 426 U.S. 394 (1976). Federal courts recognize a constitutionally-based right of privacy that can be raised in response to discovery requests. See Breed v. U.S. Dist. Ct. for N. Dist., 542 F.2d 1114, 1116 (9th Cir. 1976) (balancing the invasion of minor's privacy rights against the plaintiffs' need for juvenile ward files); Rodriguez v. El Toro Med. Inv'rs Ltd. P'ship, No. 8:16-CV-00059-JLS-KESx, 2017 WL 2495171, at *1 (C.D. Cal. May 11, 2017) (balancing right of privacy against relevance of information sought).

[4] Although statistical data is relevant, it is not dispositive of a claim of intentional discrimination and, therefore, has limited probative value. See Asbury v. Brougham, 866 F.2d 1276, 1282 (10th Cir. 1989) ("Although such statistical data [showing a high percentage of minority occupancy] is relevant to rebutting a claim of discrimination, statistical data is not dispositive of a claim of intentional discrimination." (citing Furnco Construction Co. v. Waters, 438 U.S. 567, 580, 98 S. Ct. 2943, 57 L. Ed. 2d 957 (1977))).

potential witnesses is necessary, the document requests are overbroad in that they would provide substantially more information than merely contact information. Moreover, "both federal and state courts have specifically held that individuals have a privacy interest in not having their names and addresses disclosed." See Cook v. Yellow Freight Sys., Inc., 132 F.R.D. 548, 551 (E.D. Cal. 1990). Plaintiffs fail to establish how potential testimony of other families' experiences interacting with Defendants and the Resort would support their claims and, therefore, fail to satisfy their burden to show the need for the evidence outweighs the privacy interests of non-parties. Hardie v. Nat'l Collegiate Athletic Ass'n, No. 13-CV-346-GPC (DHB), 2013 WL 6121885, at *3 (S.D. Cal. Nov. 20, 2013) (noting "[t]o evaluate a privacy objection, courts must balance the party's need for the particular information against the privacy right asserted" and finding disclosure of contact information pursuant to an "opt in" procedure was appropriate because plaintiffs established there was no other means of obtaining information necessary to build a statistical model to prove disparate impact).

Accordingly, the Court finds production of the requested documents, including five years of applications to rent, lease agreements, and "resident files," is overbroad and unnecessarily invades the privacy interests of a potentially substantial number of non-parties. Hence, Plaintiffs' Motion to Compel further responses to Requests for Production Nos. 6 and 8 is DENIED.

### 2. Request for Production No. 20

Plaintiffs' Request for Production No. 20 seeks "All documents related to or reflecting the contractual, financial or other business relationship or arrangement between you and Kimberly Lynn Baca [or Candice Elaine Williams] at any time during the time period from January 1, 2015 to the present." JS at 49.

Defendants objected on the grounds the request is overly broad as to time and scope, seeks irrelevant information, seeks to invade the privacy rights of third parties, and is disproportionate to the needs of the case. JS at 49-50. Defendants' supplemental response objected on the same grounds, but added the following substantive response: "Defendant[s have] conducted a diligent and thorough investigation and has determined that Defendant[s do] not possess any documents in [their] possession, custody, or control responsive to this request." JS at 50-51.

Plaintiffs complain that Defendants' representation that they have no responsive documents is "unbelievable." JS at 53. While the Court is skeptical of Defendants' claim that they have no documents evidencing their business relationship, defendant Williams has already stated under penalty of perjury that no documents exist. Williams Decl., ¶ 13. The Court cannot compel production of documents that do not exist. Hence, Plaintiffs' Motion to Compel a further response to Request for Production No. 20 is DENIED.

### 3. Request for Production No. 27

Plaintiffs' Request for Production No. 27 seeks "All documents that reflect the sites available for rent at the Subject Property as of October 8, 2018, including but not limited to documents that reflect the address of the site(s), site number(s), the name, telephone number and last known address of the owner of the site(s), advertisements and listing agreements." JS at 56.

Defendants objected on the grounds the request is overly broad as to time and scope, seeks irrelevant information, seeks to invade the privacy rights of third parties, and is disproportionate to the needs of the case. JS at 56-57. Defendants also substantively responded, "Defendant[s are] not the owner of the Subject Property. This Request is best directed to the Association which may be in possession of all responsive documents." JS at 57. Defendants' supplemental responses objected on the same grounds, but amended the substantive response to state, "Defendant[s have] conducted a diligent and thorough investigation and has determined that Defendant[s do] not possess any documents in [their] possession, custody, or control responsive to this request." JS at 57-58.

Plaintiffs complain that Defendants' representation that they have no responsive documents is "unbelievable." JS at 61. Once again, however, Defendant Williams has already stated under penalty of perjury that no documents exist. Williams Decl., ¶¶ 10-12. The Court cannot compel production of documents that do not exist. Hence, Plaintiffs' Motion to Compel a further response to Request for Production No. 27 is DENIED.

### 4. Request for Sanctions

Finally, the Court is compelled to note that Plaintiffs' request for $33,711.00 in attorneys' fees for a single, straightforward discovery motion regarding four requests for production of documents in a case where the alleged actual damages are $24,193.03 is absurd. The Court strongly admonishes the parties to comply with their "shared responsibility . . . to consider the factors bearing on proportionality before propounding discovery requests, issuing responses and objections, or raising discovery disputes before the courts." Salazar, 2016 WL 736213, at *2. The Court further cautions the parties that an award of reasonable expenses to the prevailing party are generally mandatory where a motion to compel discovery is granted, or denied in its entirety. Fed. R. Civ. P. 37(a)(5)(A) and (B). Additionally, sanctions are available when the parties fail to adequately comply with the applicable Local Rules (e.g., Local Rule 37-1's requirement of an adequate pre-filing conference of counsel). Local Rule 37-4.

## III.
## CONCLUSION

Based upon the foregoing reasons, **IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Compel is DENIED.